# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1219

_____

| | | |
|---|---|---|
| Mark Kilmartin, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| David Dormire, Superintendent; | * | Western District of Missouri. |
| Jeremiah (Jay) Nixon, Attorney | * | |
| General of the State of Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 22, 1998
Filed:  November 9, 1998

_____

Before RICHARD S. ARNOLD, WOLLMAN, and KELLY,[1] Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Mark Kilmartin appeals from the district court's[2] denial of his 28 U.S.C. § 2254 petition.  We affirm.

_____

[1]The Honorable John D. Kelly died on October 21, 1998.  This opinion is consistent with his vote at the panel's conference following oral argument on September 22, 1998.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

## I.

Kilmartin was convicted on a charge of first-degree sodomy following his sexual contact with an eleven-year-old boy and was sentenced to life imprisonment. The Missouri Court of Appeals affirmed the conviction. See State v. Kilmartin, 904 S.W.2d 370, 378 (Mo. Ct. App. 1995).

On appeal from the denial of federal habeas relief, Kilmartin contends that the trial court erred by failing to instruct the jury that age and marital status were necessary elements of statutory sodomy and by instructing the jury that forcible compulsion was a necessary element. He also contends that the trial court erred when it questioned prospective jurors outside his presence.

## II.

Kilmartin alleges as error a discrepancy between the information and one of the instructions submitted to the jury. The information charged Kilmartin with having "deviate sexual intercourse with [M.J.S.], to whom [Kilmartin] was not married and who was less than fourteen years old, without the consent of [M.J.S.]." Kilmartin, 904 S.W.2d at 372. This charge was based upon statutory sodomy, which occurs when "[a] person . . . has deviate sexual intercourse with another person to whom he is not married who is less than fourteen years old." Kilmartin, 904 S.W.2d at 372 (citing Mo. Rev. Stat. § 566.060.3). The jury was instructed as follows:

> As to Count I, if you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about March 17, 1991, in the County of Clay, State of Missouri, [Kilmartin] placed his hand on the penis of [M.J.S.], and
>
> Second, that such conduct constituted deviate sexual intercourse, and

Third, that [Kilmartin] did so without the consent of [M.J.S.] by the use of forcible compulsion, and

Fourth, that [Kilmartin] knew he was engaging in the conduct described in paragraph First without the consent of [M.J.S.] by forcible compulsion,

then you will find [Kilmartin] guilty under Count I of forcible sodomy.

Kilmartin, 904 S.W.2d at 372. This instruction did not encompass the elements of the charge of statutory sodomy set forth in the information in that it failed to include the elements of age and marital status and in that it included the elements of consent and forcible compulsion, which are unnecessary in a charge of statutory sodomy.

The discrepancy between the charge and the jury instruction was not contested by Kilmartin in his state court appeal. The Missouri Court of Appeals reviewed the discrepancy sua sponte for plain error, however, and found no manifest injustice. See Kilmartin, 904 S.W.2d at 374-75.

The State argues that plain error review at the state appellate level does not remedy the procedural default caused by Kilmartin's failure to challenge the discrepancy in his initial appeal. The district court agreed and refused to review the issue. There is a "decisional split within our Circuit on whether plain-error review by a state appellate court waives a procedural default by a habeas petitioner, allowing collateral review by this Court." Mack v. Caspari, 92 F.3d 637, 641 n.6 (8th Cir. 1996), cert. denied, 117 S. Ct. 1117 (1997). Given the divergence within this circuit, we are free to choose which line of cases to follow. See Hornbuckle v. Groose, 106 F.3d 253, 257 (8th. Cir.), cert. denied, 118 S. Ct. 189 (1997). We choose to review for plain error, i.e., to determine whether manifest injustice resulted from the faulty instruction.

-3-

Although the instruction did not require a finding that M.J.S. was under the age of fourteen or that Kilmartin and M.J.S. were not married, these elements of the offense were undisputed. The jury specifically found that Kilmartin had initiated sexual contact with M.J.S., and Kilmartin does not claim (nor could he) that he and M.J.S. were lawfully married. Neither does he dispute that M.J.S. was eleven years old at the time of the incident. Thus, we agree with the Missouri Court of Appeals that the omission of the elements of age and marital status from the challenged instruction did not result in manifest injustice.

Likewise, the erroneous inclusion of the elements of forcible compulsion and lack of consent, which imposed upon the state a higher burden to gain a conviction than that required by Missouri law, did not result in manifest injustice. See Kilmartin, 904 S.W.2d at 375.

## III.

Kilmartin's second claim of error is that the trial court erred by failing to allow his presence at a bench conference with several potential jurors. During the voir dire, the trial judge asked potential jurors if any of them would like to speak with him privately. Six venirepersons accepted this invitation. Kilmartin's counsel was present during each venireperson's conversation with the judge.

Although a criminal defendant has a constitutional right to attend and to participate in his trial, United States v. Gagnon, 470 U.S. 522, 526 (1985) (per curiam), this right was not violated in this instance. See id. at 525-28 (no constitutional error where judge held an in camera conference with a juror in defense counsel's presence but in defendant's absence). Kilmartin was not excluded from the courtroom, and his counsel was present at each bench discussion. Kilmartin voiced neither a desire to be present nor an objection to his absence from the bench conference. Moreover, Kilmartin does not contend that any of the six venirepersons were excluded from the

jury panel for improper reasons. Accordingly, we find no violation of Kilmartin's right to participate in his trial.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.