58 A.3d 32

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Christian HUNSBERGER, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 26, 2011.

Decided Nov. 21, 2012.

54

Thomas C. Egan III, Law Office of Thomas C. Egan, III, Norristown, for Christian Daniel Hunsberger.

Karen Ann Diaz, Doylestown, David Ward Heckler, for Commonwealth of Pennsylvania.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice McCAFFERY.

The question presented here is whether a criminal defendant's right to be present in the courtroom at every critical stage of his or her trial, including during the impaneling of a jury, categorically mandates the defendant's personal ability to hear each venireperson who is questioned at sidebar during

*voir dire* proceedings conducted by the court, his counsel, and the prosecuting attorney as to substantive issues. We conclude that it does not based upon the principle that a defendant's right to be present in the courtroom at every stage of his or her trial is not absolute, and that under certain circumstances, including where the defendant is physically present in the courtroom and is represented by counsel, the right to be present at every stage of trial is vindicated without the defendant's being personally able to hear the questioning of each venireperson at sidebar. Because Appellant Christian Hunsberger was physically present in the courtroom during sidebar *voir dire* proceedings, was represented by counsel, and interacted with counsel during these proceedings, his claim that counsel was ineffective for failing to advise him that he had a right to be present at sidebar is without arguable merit. Accordingly, we affirm the order of the Superior Court denying relief.

On October 14, 2005, following an argument over noise coming from Carlucci's Tomato Bistro, a restaurant/bar in Bucks County, Appellant fired two shots from his handgun at the proprietor of the establishment, Carlo Corsino, Jr. Both shots were fired at close range, with one hitting Mr. Corsino in the abdomen and the other going past his head. After the shooting, which took place on Appellant's property, Mr. Corsino managed to cross the street and enter his restaurant/bar, where he waited for police and medical personnel to arrive. Appellant returned to his house, where state police soon arrested him and transported him to police barracks. Mr. Corsino's abdominal injuries were life-threatening and required multiple surgeries.

At trial in May 2006, Appellant did not deny that he had shot Mr. Corsino, but, relying primarily on his own testimony, claimed that he had acted in self-defense. The jury found Appellant guilty of aggravated assault by causing serious bodily injury, by causing bodily injury with a deadly weapon, and by attempting to cause bodily injury with a deadly weapon; simple assault by causing bodily injury and by attempting to cause bodily injury; and recklessly endangering another

person;[1] however, the jury acquitted Appellant of attempted murder; aggravated assault by attempting to cause serious bodily injury; and possession of an instrument of crime.[2] On July 18, 2006, Appellant was sentenced to serve not less than five nor more than ten years in prison, and to pay restitution in the amount of $119,946.49. On direct appeal, the Superior Court affirmed his judgment of sentence. *Commonwealth v. Hunsberger*, 932 A.2d 254 (Pa.Super.2007) (Table), *petition for allowance of appeal denied*, 596 Pa. 741, 946 A.2d 685 (2008) (Table).

Subsequently, Appellant filed a petition for collateral relief pursuant to the Post–Conviction Relief Act ("PCRA"),[3] raising ten claims of trial counsel ineffectiveness. Following an evidentiary hearing, the PCRA court, which was the same as the trial court, denied the petition, finding that all of Appellant's claims lacked merit. Appellant appealed to the Superior Court, which affirmed the order of the PCRA court in a memorandum opinion. *Commonwealth v. Hunsberger*, 6 A.3d 567 (Pa.Super.2010) (Table). Appellant then sought allowance of appeal to this Court, which we granted as to one claim, to wit, whether Appellant's constitutional and procedural rights were violated by his exclusion from a portion of *voir dire* during which the court and counsel substantively questioned several individual venirepersons at sidebar. *Commonwealth v. Hunsberger*, 610 Pa. 453, 21 A.3d 679 (2011) *(per curiam )*.

Our review of the entire *voir dire* proceedings reveals the following. The approximately sixty venirepersons were first asked to fill out a questionnaire. They then were questioned as a group in open court by the trial judge concerning any hardship or disability that might preclude jury service and concerning their ability to refrain from assigning determinative credibility to the testimony of a police officer over that of another witness merely because of the fact that the individual is a police officer. Notes of Testimony ("N.T.") *Voir Dire*, 5/8/06, at 3–10. At that point, the proceedings moved to

1. Respectively 18 Pa.C.S. §§ 2702(a)(1); 2702(a)(4); 2701(a); 2705.
2. Respectively, 18 Pa.C.S. §§ 901(a) and 2501(a); 2702(a)(1); 907.
3. 42 Pa.C.S. §§ 9541–46.

sidebar with the judge, the prosecutor, defense counsel, and the court reporter all present for individual questioning of some of the venirepersons regarding answers they had given in their questionnaires. *Id.* at 14–34. Although Appellant remained in the courtroom, he could not hear the proceedings at sidebar, which were conducted approximately 15 feet from where he sat. PCRA Court Opinion, dated 12/10/09, at 11. During the sidebar questioning, Appellant did communicate with his counsel and told him that he knew one of the venirepersons. N.T. *Voir Dire* at 13, 34.

Sixteen persons in the jury pool were individually questioned at sidebar, each person being asked only one or two questions. Among the types of inquiries were whether the prospective juror had a physical or psychological disability or used medication that affected the ability to concentrate, *id.* at 15, 19, 21; had been a victim of a crime, *id.* at 16–17, 26, 29; had been an eyewitness to a crime, *id.* at 21–22; had been charged with a crime, *id.* at 28, 29, 30–31; was more or less likely to believe the testimony of a police officer, *id.* at 18–19, 23–24, 32–33; believed that an innocent defendant should testify at trial, *id.* at 19–20; understood the concept that a defendant is innocent until proven guilty beyond a reasonable doubt, *id.* at 22; and could be fair and impartial, *id.* at 24–25, 25–27.

When the questioning at sidebar was completed, the jury selection process resumed in open court, and the prosecutor and defense counsel asked some additional questions of the jury pool as a group. The prosecutor related to the jury pool the allegation in the case, *i.e.,* that the defendant had shot the victim following a neighborhood argument over noise from the victim's restaurant; the prosecutor then asked whether, in light of this allegation, anyone in the jury pool could not be fair and impartial. *Id.* at 36. The prosecutor also asked whether anyone had read any press accounts of the case; whether anyone knew him, the victim, or the witnesses who would be called at trial; whether anyone owned a firearm; whether anyone had ever been shot; and whether anyone had had a negative experience with law enforcement or the district

attorney's office. *Id.* at 39–42. Defense counsel then questioned the jury pool as to whether anyone had had any contact with him or his law firm; whether anyone knew Appellant, his wife, or the defense's expert witness; and whether anyone, or someone he or she was close to, had worked in law enforcement or the criminal justice system. *Id.* at 42–54.

Appellant took notes during jury selection in order to share information with his counsel about the prospective jurors. N.T. PCRA Hearing, 7/10/09, at 173–74. Appellant acknowledges that he and his counsel discussed which venirepersons to strike, that they worked together to pick the jury, and that Appellant had input into each strike. *Id.* at 176–77. At the end of this process, twelve jurors, only one of whom had been questioned individually at side bar, and two alternates were chosen to serve. At no time during the proceedings did defense counsel or Appellant object to any aspect of *voir dire.*

After his convictions, Appellant appealed his judgment of sentence to the Superior Court, alleging, *inter alia,* that the trial court had erred by excluding Appellant from the questioning of individual venirepersons at sidebar, in violation of his right to participate fully in jury selection. The Superior Court declined to grant relief, holding that the claim was waived because the certified record did not contain a transcript of the jury selection proceedings, and thus the court could not assess or review the claim.

In Appellant's PCRA petition, he raised the matter again, specifically alleging that his trial counsel was ineffective for failing to advise him of his right to participate in all aspects of jury selection, including the individual questioning at sidebar, in violation of the United States Constitution, the Pennsylvania Constitution, and Pennsylvania Rule of Criminal Procedure 602. The PCRA court denied relief, noting that the manner in which *voir dire* is conducted rests within the discretion of the trial court and that "the defendant's presence [is] not required during the questioning of [a] juror when[, as here, the defendant is] represented by counsel;" and concluding that Appellant had not established prejudice. PCRA Court Opinion at 10–12. Appellant appealed the PCRA

court's order to the Superior Court, which also denied relief. The Superior Court held that Pennsylvania does not recognize a right of a defendant represented by counsel to be present at sidebar conferences. Thus, the Superior Court concluded, counsel was not ineffective for failing to advise Appellant of a right not recognized by Pennsylvania law.

Appellant sought allowance of appeal, which we granted on the following issue, as stated by Appellant:

> Whether a panel of the Superior Court erred by holding that a criminal defendant in the Commonwealth of Pennsylvania does not have the right to be present for any questioning of prospective jurors on substantive issues when such questioning is done outside the hearing of the defendant in violation of a defendant's constitutional and procedural rights?

*Hunsberger*, 21 A.3d at 679.

This issue presents a question of law for which our standard of review is *de novo* and our scope is plenary. *See Commonwealth v. Williams*, 607 Pa. 597, 9 A.3d 613, 617 (2010). *See also Commonwealth v. Hutchinson*, 611 Pa. 280, 25 A.3d 277, 284 (2011) (setting forth our applicable standard for review of a PCRA court order). As our review of the relevant facts and the procedural posture of this case has made clear, the issue before the PCRA court was, of necessity, a derivative claim of ineffective assistance of counsel because the alleged error in the *voir dire* proceedings had not been preserved for review with a timely objection. Accordingly, Appellant now argues that his trial counsel was ineffective for failing to advise him of his right to be present throughout *voir dire*, including during the substantive questioning of individual venirepersons at sidebar. *See* Appellant's Brief at 30.

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his or her conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include a violation of the Pennsylvania or United States Constitution or ineffectiveness of counsel, either of

which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(i) and (ii).

█ With respect to claims of ineffective assistance of counsel, we presume that counsel is effective. *Hutchinson, supra* at 285. To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. *Id.* (citing *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987)).

█ The legal principles relevant to Appellant's underlying claim that his exclusion from a portion of the *voir dire* proceedings constituted a violation of his rights emanate from the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; from Article I Sections 6 and 9 of the Pennsylvania Constitution; and from Pennsylvania Rule of Criminal Procedure 602.[4] The right to trial by jury is guaranteed by the Sixth Amendment to the U.S. Constitution and by the Pennsylvania Constitution, Article I, Section 6 and Section 9. A defendant's right to be present at his or her trial is

---

4. Appellant's additional assertion that he had a procedural right to be present throughout the jury selection proceedings under Federal Rule of Criminal Procedure 43(a) is baseless because the courts of this Commonwealth are not bound by federal procedural rules. *See, e.g., Commonwealth ex rel. Sleighter v. Banmiller*, 392 Pa. 133, 139 A.2d 918, 922 (1958). However, such an argument would be unavailing on its merits. *See United States v. Cuchet*, 197 F.3d 1318, 1320, 1321 (11th Cir.1999), and *United States v. Washington*, 705 F.2d 489, 497–98 (D.C.Cir.1983), in which the 11th and D.C. Circuit Courts of Appeals, respectively, relied on Rule 43(a) to hold that the appellants' exclusion from individual sidebar *voir dire* did not warrant relief because any error was harmless in light of the facts that: 1) the sidebar questioning had constituted only a limited portion of the entire *voir dire* process and had concerned only limited topics; 2) defense counsel had participated in the entire *voir dire* process and had had the opportunity to question each prospective juror; 3) the defendant had remained in the courtroom and had had ample time to confer with counsel concerning the prospective jurors; and 4) the evidence of guilt had been compelling. *See also United States v. Alessandrello*, 637 F.2d 131, 140 (3rd Cir.1980) (holding that the harmless error test is applicable to the review of alleged Rule 43 violations).

grounded in the Confrontation Clause of the Sixth Amendment and in the Due Process Clauses of the Fifth and Fourteenth Amendments. The United States Supreme Court has determined that "[o]ne of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (citing *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)). In addition, the High Court "has assumed that, even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge.... Thus, a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer,* 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (quotation marks and internal citation omitted).

The High Court has explicitly affirmed that *voir dire* is a critical stage of the criminal proceeding, during which the defendant has a constitutional right to be present. *Gomez v. United States,* 490 U.S. 858, 873, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (citing *Lewis, supra* at 374, 13 S.Ct. 136). The determination that *voir dire* is a critical stage of trial flows directly from the recognition that a defendant's "life or liberty may depend upon the aid which, by his personal presence, he may give to counsel and to the court and triers in the selection of jurors." *Lewis, supra* at 373, 13 S.Ct. 136. However, certain decisions regarding the conduct of *voir dire* are properly made by counsel alone. *See, e.g., Gonzalez v. United States,* 553 U.S. 242, 128 S.Ct. 1765, 170 L.Ed.2d 616 (2009) (holding that defense counsel may decide whether to consent to *voir dire* proceedings before a federal magistrate).

The High Court has also stated

The mere occurrence of an *ex parte* conversation between a trial judge and a juror does not constitute a deprivation of

any constitutional right. The defense has no constitutional right to be present at every interaction between a judge and a juror, nor is there a constitutional right to have a court reporter transcribe every such communication.

*U.S. v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985).

■ Article I, § 9 of the Pennsylvania Constitution and Pennsylvania Rule of Criminal Procedure 602 guarantee the right of an accused to be present in the courtroom at every stage of a criminal trial. *Commonwealth v. Rompilla,* 554 Pa. 378, 721 A.2d 786, 793 (1998); *Commonwealth v. Ford,* 539 Pa. 85, 650 A.2d 433, 440 (1994).[5] Rule 602(a) provides that "[t]he defendant shall be present at every stage of the trial including the impaneling of the jury...." As we have recently determined, this rule "plainly states that the defendant has the right to observe every phase of the trial, including the impaneling of the jury." *Williams, supra* at 618. In addition, the jury selection process is crucial to the preservation of the right to an impartial jury as guaranteed by Article I, § 9 of the Pennsylvania Constitution. *Commonwealth v. Ingber,* 516 Pa. 2, 531 A.2d 1101, 1102 (1987).

However, like the U.S. Supreme Court, this Court has recognized that the right to be present in the courtroom during one's trial is not absolute. This Court has stated that a "defendant's presence in chambers and at sidebar is not required where he is represented by counsel." *Commonwealth v. Boyle,* 498 Pa. 486, 447 A.2d 250, 253 (1982). In *Boyle,* the appellant challenged the trial court's denial of a recusal motion, citing the appellant's exclusion from sidebar and in-chambers conferences as evidence of judicial prejudice. We determined that there was no merit to the appellant's assertions, noting that defense counsel was present at the conferences and had an unconstrained right to confer with his client. *Id.* at 252–53 & n. 7. *See also Commonwealth v. Proctor,* 526 Pa. 246, 585 A.2d 454, 460 (.1991) (affirming the

5. At the time these cases were decided, the relevant rule was Rule 1117(a), which was renumbered to Rule 602 and amended on March 1, 2000. The amendments are not relevant to the question here presented.

denial of relief after the trial court reseated an erroneously dismissed juror, after discussion with counsel but outside the defendant's presence).

A case factually analogous to the matter at hand, where the appellant claimed that the trial court had erred by failing to allow his presence at a bench conference with several potential jurors, was decided by the Eighth Circuit Court of Appeals wherein it stated,

> During the *voir dire*, the trial judge asked potential jurors if any of them would like to speak with him privately. Six venirepersons accepted this invitation. [Defense] counsel was present during each venireperson's conversation with the judge. . . . [Appellant] was not excluded from the courtroom, and his counsel was present at each bench discussion. [Appellant] voiced neither a desire to be present nor an objection to his absence from the bench conference. Moreover, [Appellant] does not contend that any of the six venirepersons were excluded from the jury panel for improper reasons. **Accordingly, we find no violation of [Appellant's] right to participate in his trial.**

*Kilmartin v. Dormire,* 161 F.3d 1125, 1127 (8th Cir.1998) (emphasis supplied).

Other federal courts have observed that a defendant's presence at *voir dire* is not a structural right whose violation constitutes *per se* error.[6] *See United States v. Rivera–Rodriguez,* 617 F.3d 581, 604 (1st Cir.2010), *cert. denied,* —— U.S.

---

**6.** The U.S. Supreme Court has identified several circumstances in which prejudice resulting from a violation of the Sixth Amendment right to counsel is presumed. *Bell v. Cone,* 535 U.S. 685, 695, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (quoting *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), as having identified "three situations implicating the right to counsel that involved circumstances so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified"). These presumptively prejudicial circumstances are as follows: (i) when the accused suffered a complete denial of counsel at a critical stage of trial; (ii) when counsel entirely failed to subject the prosecution's case to meaningful adversarial testing; and (iii) when the circumstances are such that no lawyer, even a fully competent one, would have been able to provide effective assistance to the accused during trial. *Cronic, supra* at 659–60, 104

——, 131 S.Ct. 968, 178 L.Ed.2d 796 (2011); *United States v. Riddle*, 249 F.3d 529, 535 (6th Cir.2001); *United States v. Feliciano*, 223 F.3d 102, 111–12 (2nd Cir.2000); *Davis v. Booker*, 2006 WL 2990344, 2006 U.S. Dist. LEXIS 75712 (E.D.Mich. Oct. 18, 2006). *See also Mathews v. Crosby*, 2005 WL 3556041, 2005 U.S. Dist. LEXIS 37872, (M.D.Fla. Dec. 29, 2005) (holding that there is no constitutional requirement that a defendant be physically present at the bench when peremptory challenges are exercised). Most recently, the Third Circuit held that the decision to have a criminal defendant present or not during individual *voir dire* conducted at sidebar is a tactical one properly made by counsel and does not require the defendant's express consent. *U.S. v. Johnson*, 677 F.3d 138, 141–42 (3rd Cir.2012).[7]

 Based on the above case law, we conclude that although a defendant has the clear right to participate in the

S.Ct. 2039. Appellant has failed to discuss any of these circumstances, thus we need not address them any further.

7. Other jurisdictions that have considered a defendant's right to be present during *voir dire*, in the context of the questioning as to substantive matters of individual venirepersons at sidebar, have held that the right is not absolute and that a showing of prejudice or non-harmless error is required in order for relief to be warranted. *See, e.g., State v. W.A.*, 184 N.J. 45, 875 A.2d 882, 892–93 (2005) (holding that a defendant's state-based right of presence at every stage of his trial, including sidebar conferences during jury selection, is not absolute, and that: 1) presence at sidebar need not always mean physical presence; and 2) alternative methods, such as consultation of defense counsel with the defendant after the individual questioning of each prospective juror at sidebar, may ensure the defendant's meaningful participation in the jury selection process); and *Muhammad v. State*, 782 So.2d 343, 352–53 (Fla.2001) (holding that while a defendant did have a right to be present during individual *voir dire*, no reversible error had occurred where some questioning took place outside of the defendant's hearing and where: 1) most of the questioning of prospective jurors had taken place in open court with the appellant present and capable of observing the proceedings; 2) defense counsel had consulted with the appellant during jury selection; and 3) when questioned by the trial court, the appellant had expressly ratified the procedure and had accepted the jury. *Compare State v. Irby*, 170 Wash.2d 874, 246 P.3d 796, 803 (2011) (holding that the trial court violated a defendant's rights under the due process clause of the Fourteenth Amendment and the state constitution by conducting a portion of jury selection in defendant's absence as he sat in a jail cell, and concluding that the violation of these rights was not harmless beyond a reasonable doubt).

jury selection process, that right is not compromised where, as here, the defendant, who was in the courtroom, was not present at sidebar where his counsel was questioning several venirepersons outside the range of his hearing. We reach this conclusion because, like other jurisdictions, we recognize that a defendant's right to participate in *voir dire* may be satisfied through procedures that both ensure the defendant's right to choose and be tried by a fair and impartial jury, yet make accommodations for trial court efficiency and safety, and the comfort, protection, and respect for the jury pool. Nothing in the federal or state constitutions, and nothing in Pa.R.Crim.P. 602(a), requires a contrary result. We recognize and reaffirm, as other jurisdictions have done, that trial courts are in the best position to determine how to proceed in each case and how to strike the appropriate balance. We hold that where some questioning of venirepersons occurs at sidebar and outside of the defendant's hearing, the defendant's consultation with his or her counsel regarding these proceedings may certainly serve as an adequate basis upon which to conclude that the defendant's right to be present during jury impanelment has been respected.

Turning to the specifics of the instant case, Appellant is not entitled to relief on his ineffectiveness claim because he has not demonstrated that this claim is of arguable merit. As the PCRA court found and as the record supports, Appellant was actively involved in jury selection. During the sidebar questioning, Appellant did communicate with his counsel and told him that he knew one of the venirepersons. Appellant has acknowledged that he took notes during jury selection in order to share information with his counsel about the prospective jurors. Appellant further acknowledged that he and his counsel discussed which venirepersons to strike and worked together to pick the jury. Appellant's testimony was largely consistent with defense counsel's testimony that he and Appellant did jury selection together, with Appellant having input into each strike. From this testimony, the PCRA court properly concluded that Appellant was kept abreast of all aspects of jury selection, and was advised of the occurrences

at sidebar. Although there was some discrepancy between the testimony of defense counsel and that of Appellant concerning whether they spoke following the questioning of each individual venireperson at sidebar, our review of the record supports the PCRA court's conclusion that Appellant participated in jury selection, provided his input to the process, and consulted with counsel throughout the proceeding. PCRA Opinion at 11–12 (citing N.T. PCRA Hearing, 7/10/09, at 108–10, 173–174, 177).[8] The PCRA court's findings are supported by the record and are free of legal error.

Thus, we hold that under the circumstances of this case, the Superior Court did not err in its determination that Appellant

8. With respect to the one venireperson questioned at sidebar who was ultimately chosen as a juror, the PCRA court determined that Appellant had not provided any evidence that this juror was unable to be fair and impartial. *Id.* at 12–13. The entirety of the individual sidebar questioning of the venireperson actually chosen to serve on the jury was as follows:

*Defense Counsel:* How are you? You said you had a physical or psychological disability?

*Juror:* I suffer from anxiety also.

*Defense Counsel:* Does that affect your ability to concentrate for eight hours in a day?

*Juror:* No, no problem.

*Defense Counsel:* The other question I have, you checked off that you or someone close to you was an eyewitness to a crime?

*Juror:* I took it off, I saw it after the gentleman was shot. I wasn't an eyewitness to the shooting.

*Defense Counsel:* Do you think that would have—would affect your ability to judge fairly on a trial that is also a shooting trial?

*Juror:* What do you mean?

*Defense Counsel:* Would it affect your ability, what you saw, eyewitness, would that affect your ability to sit as a juror in a case that involves a shooting?

*Juror:* I don't think so.

N.T. *Voir Dire,* 5/8/06, at 21–22.

To the extent Appellant argues that he was improperly denied the opportunity to exercise a peremptory challenge, he had no federally protected right to do so. *Rivera v. Illinois,* 556 U.S. 148, 151–52, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009) (*per curiam* ) (holding that where a state trial court erroneously denies a defendant's peremptory challenge, yet all seated jurors are qualified and unbiased, the Due Process Clause of the Fourteenth Amendment does not require automatic reversal of the defendant's conviction). Under Pennsylvania law, a criminal defendant is also not entitled to the services of any particular juror, but only to be tried by twelve unprejudiced jurors. *Commonwealth v. Wallace,* 555 Pa. 397, 724 A.2d 916, 922 (.1999).

did not have the right to be at sidebar for questioning of prospective jurors on substantive matters where such questioning was, in fact, done in his actual presence, but outside the range of his hearing, and where he otherwise participated with his counsel regarding the questioning of the prospective jurors. Because Appellant has failed to establish that he suffered from any violation of a right guaranteed to him, there is no arguable merit to his ineffectiveness claim. Accordingly, we affirm the order of the Superior Court.

Order of the Superior Court affirmed.

Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE and Justices EAKIN and BAER join the opinion.

Justice SAYLOR files a concurring opinion.

Justice TODD files a concurring opinion.

Justice SAYLOR, concurring.

The majority initially frames the question presented as whether a defendant's personal ability to hear all *voir dire* is "categorically mandate[d]." Majority Opinion at 55, 58 A.3d at 33. I agree that it is not. I have difficulty, however, to the extent that the majority's holding is framed in terms which may be taken as an approval of the practice of "sidebar" *voir dire. See* Majority Opinion at 64–67, 58 A.3d at 39–40 ("[W]e conclude that although a defendant has the clear right to participate in the jury selection process, that right is not compromised where, as here, the defendant, who was in the courtroom, was not present at sidebar where his counsel was questioning several venirepersons outside the range of his hearing.").

In my view, sidebar *voir dire* is a problematic practice which should not be routinized and, where necessary, should be handled with special care by trial judges and counsel.[1] It

1. As to the decisions pertaining to general sidebar conferences among a trial judge and counsel, I do not see the relevance here, since the

seems evident to me at least that counsel confronted with a trial court's practice of conducting "sidebar" *voir dire* should consult with the client to determine whether a timely objection should be interposed. To the extent that Appellant's trial counsel failed to do so in this case, I would find arguable merit in the claim of deficient stewardship. Accordingly, my support for the affirmance of the Superior Court's order is based on the application of the prejudice criterion.

Justice TODD, concurring.

I join the Majority Opinion in all but one respect. No reason was provided for the necessity for the sidebar during *voir dire* in this case, and so we are not presently asked to review specific reasons. Therefore, in my view, it is inappropriate to approve putative justifications, as does the majority. *See* Majority Opinion at 66, 58 A.3d at 40 ("[W]e recognize that a defendant's right to participate in *voir dire* may be satisfied through procedures that both ensure the defendant's right to choose and be tried by a fair and impartial jury, yet make accommodations for trial court efficiency and safety, and the comfort, protection, and respect for the jury pool."). In particular, and for example, I question whether it would be permissible to exclude the defendant from jury selection simply for the jury's "comfort", or merely because it might be more efficient to do so. Rather, under the circumstances of this case, it is sufficient in my view to conclude that trial courts, while respecting the defendant's right to participate in jury selection, have some flexibility to manage the process, but await the appropriate case to test the boundaries of that flexibility.

practice of conducting *voir dire* out of the hearing of the defendant raises an entirely different set of concerns.