J-S40018-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE LONZO TIGNEY, | : | |
| | : | |
| Appellant | : | No. 1500 WDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0012277-2012

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER\*, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED JULY 8, 2015**

Appellant, Maurice Lonzo Tigney ("Tigney"), appeals from the judgment of sentence entered June 4, 2014, following his conviction of third-degree murder, 18 Pa.C.S.A. § 2502(c). On appeal, Tigney contends that his federal and state due process rights were violated when the trial court allowed the jury charge conference to be held in his absence. Upon review, we affirm.

Due to the purely procedural nature of the issue presented in this appeal, the facts surrounding Tigney's underlying conviction are not pertinent. It is sufficient to state that Tigney and his father, Darrell Tigney, were charged with one count of homicide for the shooting death of Gary Hager and one count of criminal conspiracy to commit homicide. Between March 18, 2014 to March 21, 2014, they were tried together before a jury.

_____

*Retired Senior Judge assigned to the Superior Court.

Tigney was convicted of third-degree murder and acquitted of conspiracy.[1] On June 4, 2014, the trial court sentenced Tigney to twenty to forty years of imprisonment.

On June 12, 2014, Tigney filed a post-sentence motion seeking reconsideration of his sentence and challenging the weight of the evidence. The trial court denied this motion on August 14, 2014. Thereafter, on September 12, 2014, Tigney filed a notice of appeal to this Court. Tigney subsequently filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and the trial court issued its responsive opinion on January 5, 2015.

The following is the sole issue presented for our review:

> Did the [t]rial [c]ourt err when it permitted a critical discussion regarding the final instructions that were to be read to the jury in [Tigney]'s [h]omicide case – a discussion that involved the Court, the prosecutor, and defense counsel, and that could be viewed by the public but not by [Tigney], who was left in his jail cell – to proceed without having secured an [i]ntelligent, [k]nowing, and [v]oluntary waiver **from [Tigney]** of his U.S. Const. amend. XIV and Pa. Const. art I § 9 rights to personal presence?

Tigney's Brief at 3 (emphasis in original).

It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[I]n order for a claim of error to be preserved for appellate review, a party must

---

[1] His co-defendant was acquitted of all charges.

make a timely and specific objection before the trial court at the appropriate stage of the proceedings; the failure to do so will result in waiver of the issue." *Commonwealth v. Williams*, 91 A.3d 240, 252 (Pa. Super. 2014) (internal citations omitted); *Commonwealth v. Olsen*, 82 A.3d 1041, 1049 (Pa. Super. 2013) (waiving defendant's challenge to a jury instruction due to his failure to make a specific and timely objection during trial). This is true even for challenges of a constitutional dimension. *See e.g., Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013). The record reveals that Tigney's counsel did not object to his absence at the time the jury charge conference occurred.[2] *See* N.T., 3/20/14, at 163-86. Having failed to make a timely objection, this issue has been waived for purposes of appeal. [3]

Even if this challenge were not waived, it would not merit relief. A defendant's right to be present at trial is grounded in the Confrontation Clause of the Sixth Amendment and in the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution. *Commonwealth v. Hunsberger*, 58 A.3d 32, 37 (Pa. 2012). Similarly,

---

[2] Tigney first raised this issue in his Pa.R.A.P. 1925(b) statement. Concise Statement of Errors Complained of on Appeal, 10/8/14, at 2.

[3] It appears that Tigney's true complaint is with his counsel's waiver of his presence at the conference. Such a claim is properly raised on collateral appeal. *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) ("[C]laims of ineffective assistance of counsel are to be deferred to PCRA review[.]").

Article I, § 9 of the Pennsylvania Constitution guarantees the right of the accused to be present in the courtroom at every stage of a criminal trial. *Id.* at 38. However, this right is not absolute. *Id.*

> A defendant "has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." [*Hunsberger*, 58 A.3d] at 37 (citing *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, [] 1987) (internal citation omitted)). Accordingly, "the defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome **if his presence would contribute to the fairness of the procedure**." *Id.*

*Commonwealth v. Tharp*, 101 A.3d 736, 762 (Pa. 2014) (emphasis added). This Court has further clarified that this right is not implicated "when presence would be useless, or the benefit but a shadow." *Commonwealth v. Williams*, 959 A.2d 1272, 1281-82 (Pa. Super. 2008) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934)) (noting that due process only requires the defendant's presence to the extent that a fair and just hearing would be thwarted by his absence). Thus, whether Tigney had a constitutional right to be present turns on whether the proceeding was a "critical stage" of trial in which he could make a meaningful contribution.

Our research has not revealed any Pennsylvania case law addressing whether a jury charge conference is a critical stage of trial as contemplated in *Tharp* and *Hunsberger*; however, we need not make that determination

in this case.[4]  Tigney concedes that his presence would not have contributed to the fairness or accuracy of the proceeding.  Tigney's Brief at 15.  Having made this concession, Tigney could not successfully establish his claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015

---

[4] Our research has revealed that the federal courts do not recognize the jury conference as a critical stage of trial implicating a defendant's right to be present.  **See** 23A C.J.S. *Criminal Law* § 1587 (last updated June 2015) (stating a criminal defendant's right to be present at critical stages of trial does not include bench conferences and conference on jury instructions, since those matters are purely legal and the criminal defendant can do little to aid in his defense; it is sufficient that defendant's counsel is present.).  The Court of Appeals for the Tenth Circuit has noted that such conferences usually encompass only legal issues, are attended by judge and counsel only, and that it would be rare that a defendant's presence would be essential to his defense.  **Larson v. Tansy**, 911 F.2d 392 (10th Cir. 1990).