J-S06043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAYMOND REASON | : | |
| | : | |
| Appellant | : | No. 1307 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 26, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000812-2019

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED APRIL 20, 2022**

Appellant, Raymond Reason, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following his jury trial convictions for possession of a controlled substance, possession with intent to deliver, and criminal use of a communication facility.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was arrested and charged with crimes arising from the delivery of controlled substances to a confidential informant on three occasions.  A jury trial commenced on February 16, 2021.  At 10:35 am on February 17, 2021, the jury left the courtroom to begin deliberation.  The jury submitted a question to the court around 12:00 p.m.  After all counsel returned to the

---

[1] 35 P.S. § 780-113(a)(16), (30); 18 Pa.C.S.A. § 7512(a), respectively.

courtroom, the following exchange took place:

THE COURT:                  Counsel, let me see you outside.

(Side-bar conference not reported.)

[COMMONWEALTH]:        Your Honor, while we're waiting for [Appellant] and for the jury to come out, may I make a brief phone call to update Ms. Thurstlic O'Neill?

THE COURT:                  Let's just see.   Is [Appellant] right out there in the hallway?

[APPELLANT'S COUNSEL]: He wasn't, Judge.  That's where he was when I left.  He said he was gonna be close.  He should be here somewhere in the courthouse.

THE COURT:                  Well, let's bring the jury in.

[COMMONWEALTH]:        Yes, Your Honor.

THE COURT:                  You can step out briefly.

[COMMONWEALTH]:        Thank you.

(The jury returned to the courtroom at 12:13 p.m.)

THE COURT:                  Can someone check to see if [Appellant's counsel] is still in the hallway, bring him in? Thank you.  You may be seated.

DETECTIVE COVERLY:      [Appellant] is still not available.

THE COURT:                  If [Appellant's counsel] could step in.  Very good.

[APPELLANT'S COUNSEL]: Judge, he is on his way up.

THE COURT:                  Ladies and gentlemen, I have a note from your foreperson which reads as follows:

We need clarification on the possession of a controlled substance.  What constitutes illegal possession of a controlled substance?

- 2 -

On the 12/17/2018 charge, if we find the defendant guilty of possession with intent to deliver a controlled substance, is the defendant also guilty of possession?

… We are asking because the defendant has—was in possession of a prescribed controlled substance.

And the simple answer to that is if you find that the defendant possessed a drug with intent to deliver, then his possession of the substance is unlawful. The prescription is irrelevant. Does that answer the question?

(The jury responded in the affirmative.)

THE COURT: All right. Very good. Thank you. You are all excused.

(The jury left the courtroom at 12:15 p.m.)

THE COURT: Counsel, I'm going to ask that you stay here for a little while. I have a feeling that probably answered their last question.

[APPELLANT'S COUNSEL]: Okay.

[COMMONWEALTH]: You want us to stay in the courtroom?

THE COURT: If you could stay here for about five minutes or so.

[COMMONWEALTH]: Certainly.

THE COURT: After that, you can go, but I think it's going to be quick.

[APPELLANT'S COUNSEL]: Can I just put on the record that my client wasn't present for the question or the answer given by the Court?

THE COURT: It's so noted, but we've been trying to get in touch with him for a while now. I can't keep them waiting.

(The Court recessed at 12:16 p.m.)

(N.T. Trial, 2/17/21, at 43-46).

Shortly after, the jury convicted Appellant of all charges. On May 26, 2021, the court sentenced Appellant to an aggregate three to seven years' incarceration. Appellant filed a timely notice of appeal on June 25, 2021. On June 28, 2021, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied on September 27, 2021.[2]

Appellant raises the following issue for our review:

> Whether the trial court erred by failing to wait for [Appellant] to be present in court for a question that the jury had during deliberations?

(Appellant's Brief at 3).

Appellant argues that the court erred by failing to wait for Appellant to be present in court before answering a jury question. Appellant contends that the court did not give counsel adequate time to contact Appellant and prematurely brought the jury into the courtroom before Appellant returned. Appellant further asserts that "the lack of patience demonstrated by the trial court biased the jury and put [Appellant] in a negative light." (*Id.* at 8). Appellant concludes that the court violated Appellant's right to be present for

---

[2] The count issued orders granting an extension of time to file the concise statement of errors complained of on appeal on July 19, 2021, August 13, 2021, and September 14, 2021.

every stage of his trial as guaranteed by the U.S. Constitution, Pennsylvania Constitution and Pennsylvania Rule of Criminal Procedure 602, and he is entitled to a new trial. We disagree.

As a preliminary matter, we note that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[I]ssues are preserved when objections are made timely to the error or offense." **Commonwealth v. Baumhammers**, 599 Pa. 1, 23, 960 A.2d 59, 73 (2008), *cert. denied*, 558 U.S. 821, 130 S.Ct. 104, 175 L.Ed.2d 31 (2009). "The purpose of contemporaneous objection requirements respecting trial-related issues is to allow the court to take corrective measures and, thereby, to conserve limited judicial resources." **Commonwealth v. Sanchez**, 614 Pa. 1, 32, 36 A.3d 24, 42 (2011), *cert. denied*, 568 U.S. 833, 133 S.Ct. 122, 184 L.Ed.2d 58 (2012). "[A] party may not remain silent and afterwards complain of matters which, if erroneous, the court would have corrected." **Commonwealth v. Strunk**, 953 A.2d 577, 579 (Pa.Super. 2008) (quoting **Commonwealth v. Clair**, 458 Pa. 418, 423, 326 A.2d 272, 274 (1974)).

Instantly, the record makes clear Appellant failed to raise an objection at the appropriate stage of the proceedings. Although Appellant's counsel noted on the record that Appellant was not in the courtroom after the court answered the jury's question, Appellant did not object to the court answering the question in Appellant's absence before the court responded to the jury's

inquiry. Accordingly, Appellant has waived this issue for appellate review. ***See id.***

Even if Appellant had properly preserved his issue, we note that Appellant's right to be present at his trial pursuant to the U.S. Constitution and Pennsylvania Constitution is not absolute. ***See Commonwealth v. Hunsberger***, 619 Pa. 53, 61-63, 58 A.3d 32, 37-38 (2012).

> A defendant has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. Accordingly, the defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

***Commonwealth v. Tharp***, 627 Pa. 673, 717, 101 A.3d 736, 762 (2014) (internal quotation marks and citations omitted).

Here, Appellant's brief is devoid of any argument that his presence at the time the court responded to the jury's questions would have contributed to the fairness of the trial. ***See id.*** As such, Appellant waived this argument. ***See Commonwealth v. Plante***, 914 A.2d 916, 924 (Pa.Super. 2006), *appeal denied*, 593 Pa. 748, 931 A.2d 657 (2007) (reiterating: "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review").

Further, Appellant's reliance on Rule 602 affords him no relief. Pennsylvania Rule of Criminal Procedure 602(A) states:

> The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the

verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

Pa.R.Crim.P. 602(A).

Instantly, the trial court explained:

[Appellant]'s absence from the courtroom for instructions relating to the jury's question was due to his own failure to respond promptly to his attorney's call for him to appear in court…. We find [Appellant]'s failure to promptly appear in the courtroom for a question by the jury to constitute absence without cause; accordingly, his absence did not preclude proceeding with the trial.

(Trial Court Opinion, filed 10/6/21, at 3). We agree with the court's analysis. Notably, Appellant fails to offer any explanation for his delay in appearing in the courtroom after all other parties had assembled. Although Appellant contends the court's actions "biased the jury and put [Appellant] in a negative light," nothing in the record supports this bald assertion. We emphasize that Appellant's counsel was present when the court responded to the jury's questions and counsel actively represented Appellant's interests. Therefore, Appellant's issue is waived on appeal and would merit no relief in any event. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2022