J-A15015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDY REYES DELEON | : | |
| | : | |
| Appellant | : | No. 1103 MDA 2024 |

Appeal from the PCRA Order Entered July 17, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003259-2017

BEFORE: BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: JUNE 16, 2025**

Randy Reyes Deleon appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant is serving a sentence of eleven to twenty-two years of imprisonment imposed for his convictions of kidnapping, unlawful restraint, and firearms not to be carried without a license. This Court synopsized the facts underpinning those convictions as follows:

> Briefly, the evidence established that Appellant and A.S. (Victim) dated for approximately two years before the relationship ended in late 2016. Victim testified that on the afternoon of June 12, 2017, Appellant began to follow her while she was driving through the Borough of Wyomissing. While she was stopped at an intersection, Appellant used his vehicle to trap Victim's car against a third vehicle. Appellant then smashed Victim's car window, opened the driver's door, entered Victim's vehicle while pushing her into the passenger's seat, and forced her to end her call to

---

[*] Former Justice specially assigned to the Superior Court.

911 for help. Appellant was carrying a loaded 9-millimeter handgun. Victim stated that Appellant drove her vehicle across a sidewalk and through a lawn as he took her to a secluded location roughly [ten] to [fifteen] minutes away. Victim testified that Appellant then told her to get out of her vehicle and forced her to walk a distance through the forest until they reached the home of one of Appellant's friends[, Henry Jimenez]. Appellant held Victim captive in the home for several hours until a standoff with the police resulted in Appellant's arrest.

*Commonwealth v. Deleon*, 221 A.3d 253, 2019 WL 3764592, at *1 (Pa.Super. 2019) (non-precedential decision). Appellant's direct appeal from his judgment of sentence garnered him no relief. *Id*.

Appellant filed a timely, counseled PCRA petition and supplement thereto in August 2020 raising multiple claims of ineffective assistance of trial counsel. Pertinent to this appeal, Appellant maintained that Daniel Nevins, Esquire, was ineffective in not obtaining Appellant's input during jury selection and in failing to interview and call Mr. Jimenez to testify for the defense. The PCRA court conducted a hearing at which Appellant, Mr. Jimenez, and Attorney Nevins testified. After the parties filed post-hearing briefs, the court denied Appellant's petition by order of July 17, 2024.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[1] Appellant presents the following question for our consideration: "Whether trial counsel rendered ineffective assistance in

---

[1] In a Rule 1925(a) statement in lieu of an opinion, the PCRA court referred us to its eight-page July 17, 2024 order for the basis for its findings. We hereafter refer to that filing as the PCRA Court Opinion.

- 2 -

handling of the trial." Appellant's brief at 4. More specifically, Appellant contends that the PCRA court erred in rejecting the aforementioned claims of ineffectiveness regarding *voir dire* and Mr. Jimenez. *Id*. at 6.

We begin with the governing law. "[W]e review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Ultimately, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

This Court has summarized the law applicable to challenges to counsel's performance thusly:

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa.Super. 2019) (cleaned up). The petitioner's failure to sustain any prong of the test defeats

the claim. *See*, *e.g.*, *Commonwealth v. Rivera*, 199 A.3d 365, 374 (Pa. 2018).

Appellant first claims that Attorney Nevins was ineffective in not consulting with him during the jury selection process. Citing *Gomez v. United States*, 490 U.S. 858 (1989) (noting that *voir dire* is a critical stage of a felony case), and *Batson v. Kentucky*, 476 U.S. 79 (1986) (establishing the framework for litigating claims of purposeful racial discrimination in exercising peremptory challenges),[2] he maintains that his "absolute trial right to participate in the jury selection process" was violated by counsel's lack of consultation. *See* Appellant's brief at 6-7.

Appellant is correct that he has a right to be present for all critical stages of trial. However, under both the federal and state constitutions, that right is not absolute, and a violation of it is not *per se*, structural error. *See Commonwealth v. Hunsberger*, 58 A.3d 32, 39-40 (Pa. 2012). In any event, Appellant **was** present for jury selection in his case, and Attorney Nevins testified that, while he did not recall any specific discussions he had with Appellant during the process, he was confident that he gave Appellant paper and pen and told him to jot down any notes or concerns about the

---

[2] PCRA counsel provided invalid citations for both cases, listing an incorrect initial page number for *Gomez* and referring to *Batson* as *Boston*. We admonish counsel to exercise greater care in drafting his briefs, lest similar errors leave a future court unable to uncover the case he meant to cite and lead it to conclude that they were artificial intelligence hallucinations.

- 4 -

venirepersons, just as he does with all his clients, such that Appellant had the opportunity to participate. *See* N.T. PCRA Hearing, 1/11/23, at 48-49, 87-88. Hence, the claim lacks arguable merit. Furthermore, as the PCRA court observed, Appellant offered no testimony to establish the prejudice prong of his claim by showing that his jury was not fair and impartial. *See* PCRA Court Opinion, 7/17/24, at 4. Appellant additionally did not indicate that, had Attorney Nevins advised him differently about his right to participate, he would have secured a different jury. Accordingly, Appellant has failed to convince us that the PCRA court erred in denying his claim concerning jury selection.

Appellant's remaining issue is based upon Attorney Nevin's failure to call Mr. Jimenez to testify for the defense at trial. In order to prove the prejudice prong of this ineffectiveness claim, Appellant must establish:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Miller*, 231 A.3d 981, 992 (Pa.Super. 2020) (cleaned up).

Here, there is no dispute that Mr. Jimenez existed, and that he was both willing and available to testify. Further, Attorney Nevins acknowledged that he was aware of Mr. Jimenez's existence and made some unsuccessful efforts to contact him before deciding, based upon Appellant's representations of what information Mr. Jimenez could offer, not to present his testimony. The

open question is whether the absence of that testimony deprived Appellant of a fair trial.

Appellant argues that if called, Mr. Jimenez would have informed the jury, as he informed the PCRA court, that as soon as Appellant arrived with Victim at the Jimenez house, he called Mr. Jimenez, who was not there at the time, to come pick him up.[3] He maintains that this evidence "would have negated the concept that the Appellant wanted to remain in the house to hold [Victim] hostage against her will." Appellant's brief at 9. Appellant assails the PCRA court's rejection of this claim by focusing not upon how the absence of Mr. Jimenez's information undermines confidence in the outcome of the proceedings, but upon the fact that Attorney Nevins decided "that Mr. Jimenez would not be helpful without **even** talking to him." *Id*. at 10 (emphasis in original).

We first observe that Mr. Jimenez's representations at the PCRA hearing about what he would have told the jury had he been called are wholly consistent with what Appellant told Attorney Nevins. He points to nothing different suggesting that Attorney Nevins would have made the opposite

---

[3] The PCRA hearing testimony bore out that Mr. Jiminez misunderstood Appellant's request and instead drove to Appellant's home on the day in question to pick him up. Also noteworthy is the fact that Mr. Jimenez's mother and sister, who were at the Jimenez home when Appellant brought Victim there, were called by the Commonwealth as witnesses at Appellant's trial.

decision had he spoken with Mr. Jimenez prior to trial.[4]  As such, Appellant has failed to establish that he was prejudiced by counsel's failure to interview the witness.

As to whether Appellant was prejudiced by Attorney Nevins's choice not to present Mr. Jimenez's evidence, the PCRA court agreed with counsel that he would not have been helpful to the defense.  The court stated:

> [W]hile the testimony may have demonstrated remorse or possibly negated any intent to hold [A.S.] at the Jimenez home against her will, this testimony did not negate [her] testimony regarding the carjacking.  Because all of Mr. Jimenez's testimony would have been after the elements of the crimes were already proven by the Commonwealth, [Appellant] cannot show he was prejudiced without this witness.

PCRA Court Opinion, 7/17/24, at 6-7.

We agree with the assessment.  Notably, one of the issues Appellant raised on direct appeal was whether the evidence was sufficient to sustain his kidnapping conviction,  where "the Commonwealth did not prove that he removed Victim a substantial distance against her will." **Deleon**, 2019 WL 3764592, at *1.  In affirming Appellant's conviction, we adopted the following analysis offered by the trial court:

> [Appellant] was charged and convicted with violating the following section of the kidnapping statute, 18 Pa.C.S. § 2901:

---

[4] Indeed, at the PCRA hearing, it was revealed that Mr. Jimenez's credibility could have ben impeached, had he testified,  by multiple prior convictions for *crimen falsi* offenses and that he was in the Berks County Prison at the time of Appellant's trial.  **See** N.T. PCRA Hearing, 1/11/23, at 31-34.

(a) Offense defined - A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, **or** if he unlawfully confines another for a substantial period in a place of isolation, with any of the following intentions:

. . . .

(3) To inflict bodily injury on or to terrorize the victim or another.

18 Pa.C.S. § 2901(a)(3) (emphasis added).

. . . In other words, the Commonwealth need not establish in every case that the defendant removed "another a substantial distance" if there is sufficient evidence that the defendant unlawfully confined another for a substantial period in a place of isolation. In the instant matter the Commonwealth presented substantial evidence to allow a jury to convict under either provision, and [Appellant]'s claim lacks merit.

. . . .

In the instant case, the evidence established that [Appellant] transported the victim a substantial distance to a secluded, wooded area, then into [the Jimenez] home where he held her for over four hours, and by his conduct exposed A.S. to an increased risk of harm each step of the way. First, [Appellant] pinned A.S.'s car against another vehicle in the middle of traffic with his own vehicle, smashed her car window open, pushed her into the passenger seat, and forced her to hang up in the middle of a 911 call for help. [Appellant] drove across a sidewalk and a lawn as he left the intersection and drove the victim around in her own car with an operational, loaded Astra [nine-millimeter] handgun on his person for [ten to fifteen] minutes before stopping the car in a parking lot approximately four or five miles from the scene of the initial abduction and taking her into an unfamiliar home. Once inside the home he engaged in an hour's long hold-out while multiple police units, including a SWAT team, surrounded the residence. In short, this evidence is more than sufficient to demonstrate that [Appellant] kidnapped his ex-girlfriend[.]

Trial Court Opinion, 1/23/19, at 6-7 (cleaned up).

From this is it plain that, by the time Appellant arrived at the Jimenez residence and called Mr. Jimenez, he had fully completed the kidnapping of Victim. The PCRA court properly found that Appellant's offer of testimony, from a witness of questionable credibility, suggesting that Appellant wanted to leave sooner rather than later, after he kidnapped Victim, was not likely to change the outcome of the proceeding.

In sum, Appellant has failed to convince us that the PCRA court erred in denying his petition such that relief from this Court is warranted. Therefore, we affirm the PCRA court's order.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/16/2025