J-S53023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DORIAN EADY, | |
| Appellant | No. 218 WDA 2014 |

Appeal from the Judgment of Sentence of March 14, 2012
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001967-2011

BEFORE:  DONOHUE, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 26, 2014**

Appellant, Dorian Carl Eady, appeals from the judgment of sentence entered on March 14, 2012 as made final by the denial of his post-sentence motion on January 14, 2014.   On this direct appeal, Appellant's court-appointed counsel has filed both a petition to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).   We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.   Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.   We therefore grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

* Retired Senior Judge assigned to the Superior Court.

The factual background of this case is as follows. At approximately 2:30 a.m. on June 7, 2011, Appellant began banging on his ex-girlfriend, A.D.'s, window. Appellant informed A.D. that he had been robbed and needed to use her phone. She let him in the house and gave Appellant her cell phone. Appellant then went into A.D.'s bedroom and laid down on her bed. A.D. told him to leave but he protested that no buses were running and he had nowhere to go. A.D. then told him to go sleep on the couch. Appellant then left the bedroom and went to the living room and laid on the couch. At that time, A.D.'s four-year-old daughter told A.D. that she did not want Appellant in the house. A.D. then went back into the living room and told Appellant that he had to leave the house immediately.

Appellant pushed A.D., while she was holding her ten-month-old son, into a recliner. Appellant grabbed her throat and threatened to kill her. He then pressed his fist into A.D.'s face and slapped her. A.D. was able to retreat to her bedroom when Appellant was distracted by A.D.'s four-year-old daughter and two-year-old son slapping him. Appellant followed A.D. into her bedroom and pushed her down on the bed. He continued choking and slapping her. He then told A.D. that he wasn't leaving until he got what he wanted and proceeded to unzip his pants and pull out his penis while straddling her. He thrust his penis near A.D.'s vagina and attempted to pull down her pants. Appellant's four-year-old daughter spit on Appellant which permitted A.D. to escape to her living room. Appellant pursued her and

again pushed her down into the recliner. A.D.'s four-year-old daughter then punched Appellant again which allowed A.D. to escape the house. At that point, Appellant left the house.

The procedural history of this case is as follows. On June 9, 2011, Appellant was charged via criminal complaint with indecent assault,[1] indecent exposure,[2] and simple assault.[3] A criminal information charging those same offenses was filed on August 25, 2011. On January 25, 2012, Appellant was found guilty, *in absentia*, of all three offenses. On March 14, 2012, Appellant was sentenced to an aggregate term of 30 to 60 months' imprisonment. Appellant timely appealed. On June 11, 2012, this Court dismissed the appeal for failure to file a docketing statement pursuant to Pennsylvania Rule of Appellate Procedure 3517. **Commonwealth v. Eady**, 646 WDA 2012 (Pa. Super. June 11, 2012) (*per curiam*).

On September 21, 2012, Appellant filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed and filed an amended petition. On September 13, 2013, the PCRA court granted Appellant's petition and reinstated his right to file a post-sentence motion and direct appeal *nunc pro tunc*. On September 23,

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] 18 Pa.C.S.A. § 3127(a).

[3] 18 Pa.C.S.A. § 2701(a)(1).

2013, Appellant filed a post-sentence motion. On January 8, 2014, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[4]

Appellant's counsel raises four issues in his **Anders** brief:

1. Did the [trial] court err when it, Appellant claims, failed to permit him to participate in [the] jury selection in his case?

2. Did the [trial] court err when, Appellant argues, the [trial] court failed to set bail for him during the pretrial stages of this case?

3. Should this case have been dismissed because no affidavit of probable cause [was ever filed or presented]?

4. Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by [law?]

**Anders** Brief at 8 (complete capitalization removed).

In his *pro se* response to counsel's **Anders** brief, Appellant raises eight issues:

1. [Was Appellant improperly denied bail prior to trial?

2. Were proper charging documents filed to initiate this criminal case?

3. Was Appellant denied the right to counsel at his preliminary hearing?

4. Did Appellant's preliminary hearing counsel render ineffective assistance?

---

[4] On February 5, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On February 24, 2014, Appellant's counsel filed a notice pursuant to Pennsylvania Rule of Appellate Procedure 1925(c)(4) of his intent to file an **Anders** brief. In light of that notice, the trial court did not issue a Rule 1925(a) opinion.

5. Did Appellant's trial counsel render ineffective assistance?

6. Did Appellant's direct appeal counsel render ineffective assistance?

7. Did Appellant's PCRA counsel render ineffective assistance?

8. Did Appellant's post-trial motion counsel render ineffective assistance?]

**See generally** Appellant's Response.[5]

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting* **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an **Anders** brief, in which counsel:

(1) provide[s] a summary of the procedural history and facts, with citations to the record;

(2) refer[s] to anything in the record that counsel believes arguably supports the appeal;

---

[5] Appellant's issues have been reordered for ease of disposition.

(3)  set[s] forth counsel's conclusion that the appeal is frivolous; and

(4)  state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014), *quoting*

*Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client."

*Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, *quoting*

*McClendon*, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations.[6] We now turn to whether this appeal is wholly frivolous.

---

[6] In his response, Appellant notes that counsel's petition to withdraw as counsel contains a factual inaccuracy. In his petition to withdraw, counsel
*(Footnote Continued Next Page)*

The first issue raised in counsel's **Anders** brief is whether the trial court erred by removing the defendant from the courtroom prior to jury selection. "Pursuant to Article I, § 9 of the Pennsylvania Constitution, and the Sixth Amendment of the federal constitution as applied to the states via the Fourteenth Amendment due process clause, defendants have the right to be present during their criminal trial." **Commonwealth v. Kelly**, 78 A.3d 1136, 1141 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014) (citations omitted); **see Gomez v. United States**, 490 U.S. 858, 873 (1989) (citation omitted) (defendants have a constitutional right to be present during jury selection); **see also** Pa.R.Crim.P. 602(A) ("The defendant shall be present at every stage of the trial including the impaneling of the jury[.]"). "However, like the [Supreme Court of the United States, our Supreme] Court has recognized that the right to be present in the courtroom during one's [non-capital] trial is not absolute." **Commonwealth v. Hunsberger**, 58 A.3d 32, 38 (Pa. 2012).

"Our Supreme Court has [] addressed the issue of removal of a disruptive criminal defendant from trial. . . . [W]hen a defendant is abusive and disruptive to the proceedings, the trial judge does not abuse his discretion in having him removed from the courtroom." **Commonwealth v.**

_____
*(Footnote Continued)*

states that Appellant pled guilty instead of being found guilty. However, in his **Anders** brief counsel makes clear that Appellant proceeded to trial. It is evident that the inaccuracy in counsel's petition to withdraw was a mere oversight and we therefore decline to find that counsel's petition to withdraw does not satisfy the procedural requirements for withdrawal.

***Thomas***, 879 A.2d 246, 254–255 (Pa. Super. 2005), *appeal denied*, 989 A.2d 917 (Pa. 2010) (citation omitted).

The record reflects that in November 2011, on the eve of trial, Appellant obtained private counsel and his trial was continued until January 2012. On January 25, 2012, the day his trial was scheduled to begin, Appellant attempted to fire his privately retained counsel because he refused to file patently frivolous motions. For example, Appellant asked counsel to file a motion demanding that only African-Americans be included in the venire. The trial court was notified of this development and attempted to engage in a colloquy with Appellant to determine whether to permit him to proceed *pro se*. ***See Commonwealth v. Cooper***, 27 A.3d 994, 1001-1002 (Pa. 2011).[7]

By this time Appellant was yelling "You can't do that. You can't do that. And I refused to participate in your trial." N.T., 1/25/12, at 34. He continued. "It's illegal constitution[ally.]" ***Id.*** The trial court asked if Appellant was "going to sit here and participate or are you going to act up?" ***Id.*** Appellant shouted, "[Trial counsel]'s been fired. I'll say it for the record again, you're fired[.]" ***Id.*** at 34-35. The trial court then asked again, "We're going to bring the jury in. Are you going to behave?" ***Id.*** at 35. Appellant responded "Sir, I'm not participating, sir, in this trial." ***Id.*** When

---

[7] The trial court never finished the colloquy because Appellant refused to answer the questions being posed by the trial court. ***See*** N.T., 1/25/12, at 45-46. Thus, the trial court denied Appellant's request to fire his attorney.

asked again if he planned on behaving Appellant stated, "I'm not participating in the trial." N.T., 1/25/12, at 35. The trial court then warned that if Appellant did not behave, a jury would be selected without Appellant being present. *See id.* at 36.

Appellant responded by stating, "Go right ahead." *Id.* The trial court gave Appellant one last chance and asked him again if he were going to behave. *See id.* Appellant continued to cause a disturbance by telling the trial court it couldn't proceed without him. *See id.* at 36-37. Finally, the trial court ordered Appellant removed from the courtroom. *Id.* at 37. The trial court informed Appellant that if he changed his mind and wanted to behave himself he could inform the courtroom deputies and he would be permitted to return to the courtroom. *Id.* at 37-38. Prior to the commencement of jury selection, the trial court found that:

> In [its] view, when [it] asked [Appellant] if he'd sit quiet and cooperate in jury selection, he indicated – through his obstreperous behavior he answered that in the negative, and [the trial court] made it plain to [Appellant] . . . any time that [he] says to the deputy he's prepared to come down here, follow the rules of decorum[,] and participate, he's invited back to the courtroom.

N.T., 1/25/12, at 45.

We conclude that the trial court's actions were not an abuse of discretion. To the contrary, the trial court gave Appellant every chance it could to remain in the courtroom for jury selection. Even after having Appellant removed from the courtroom, the trial court made it clear that

Appellant was free to return and participate in jury selection if he agreed to behave himself. Instead, Appellant chose to act belligerently and refused to comply with the trial court's lawful orders. Any argument that the trial court's actions constituted an abuse of discretion is frivolous.[8]

The second issue contained within counsel's **Anders** brief is whether the trial court erred by not granting bail prior to trial. This issue is moot as Appellant has been convicted and sentenced. If Appellant wished to challenge the denial of pre-trial bail, he was required to do so prior to trial. At this stage in the proceedings, even if the trial court did err by not granting pre-trial bail there is no relief that can be granted. As a moot issue is frivolous, the second issue raised in counsel's **Anders** brief is frivolous.

The third issue contained within counsel's **Anders** brief is whether the trial court erred by not dismissing the case for failure to file an affidavit of probable cause. However, once charges have been held over for court, failure to furnish an affidavit of probable cause is moot. **Commonwealth v. Chamberlain**, 30 A.3d 381, 423 (Pa. 2011) (citation omitted). Thus, the third issue raised in counsel's **Anders** brief is frivolous.

The fourth issue contained within counsel's **Anders** brief is whether Appellant's sentence is excessive. This issue challenges the discretionary

---

[8] We note that the trial court exercised an immense amount of restraint in declining to hold Appellant in criminal contempt of court. **See** N.T., 3/14/12, at 5. Furthermore, the trial court exercised restraint by not considering Appellant's behavior throughout the proceedings when crafting an appropriate sentence. **See id.**

aspects of Appellant's sentence.  **See Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013).  "We note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).  As Appellant was sentenced within the standard range of the guidelines, we may only vacate his sentence if we find this "case involves circumstances where the application of the guidelines would be clearly unreasonable[.]"  42 Pa.C.S.A. § 9781(c)(2); **see Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence.  **See** 42 Pa.C.S.A. § 9781(b).  Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence.  **Id.**

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. [§] 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (citation omitted). Appellant filed a timely notice of appeal and properly preserved the issue for our review in his post-sentence motion. Counsel's *Anders* brief also contains a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We now turn to whether the appeal presents a substantial question.

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Williams*, 69 A.3d 735, 740 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Id.*

Appellant contends that this appeal raises a substantial question because the trial court failed to give meaningful consideration to his status as an upstanding member of society and his status as the sole supporter for his children. This Court has previously held that "an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question." *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003), *citing Commonwealth v. Archer*, 722 A.2d 203 (Pa. Super. 1998) (*en banc*). Because Appellant has not identified a substantial question

- 12 -

as to whether his sentence is appropriate under the Sentencing Code and consistent with fundamental norms of sentencing, he is not entitled to relief.

Furthermore, even if Appellant raised a substantial question, we fail to see how this case involves circumstances in which the application of the guidelines was unreasonable. Appellant committed a serious, violent offense against a former lover. He lied to gain entry to her house and proceeded to assault A.D. He attempted to sexually assault A.D. in the presence of her four-year-old daughter and two-year-old son. If it were not for the actions of A.D.'s four-year-old daughter, Appellant may have been successful in committing far more serious offenses. Even after A.D. was able to escape from the attempted sexual assault, Appellant continued to physically assault her. Again, if it were not for the actions of Appellant's four-year-old daughter, the outcome of this case could have been even more tragic. The trial court carefully weighed all of the relevant sentencing factors and concluded that a guideline sentence was appropriate. Thus, any challenge to the discretionary aspects of Appellant's sentence is frivolous.

Next, we address the issues presented in Appellant's *pro se* response to counsel's **Anders** brief. As to Appellant's first issue on appeal, as we noted above, the failure to set bail prior to trial is moot since Appellant has been convicted and sentenced.

In his second issue, Appellant claims that no formal charging documents were filed in this matter. However, as noted above a criminal

complaint and criminal information were filed in this case. Thus, proper formal charging documents were filed to initiate the charges against Appellant.

In his third issue, Appellant alleges that he was denied the right to counsel at his preliminary hearing. However, the record reflects that Appellant was represented by counsel at the preliminary hearing. Although Appellant was also removed from the preliminary hearing for causing a disruption, his counsel was present for the entirety of the proceeding. Thus, Appellant's third issue on appeal is frivolous.

Appellant's fourth through eighth issues relate to the alleged ineffectiveness of counsel. Counsels' alleged ineffectiveness may not be raised on direct appeal, and instead must be raised in a PCRA petition. **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). As such, Appellant's ineffectiveness arguments are dismissed without prejudice to his right to raise such claims in a PCRA petition.

In sum, we conclude that all four issues raised in counsel's **Anders** brief are frivolous. The eight issues raised in Appellant's response to counsel's **Anders** brief are either frivolous or may not be raised on direct appeal. Furthermore, after an independent review of the entire record,[9] we conclude that no other issue of arguable merit exists. Therefore, we will

---

[9] The entire record, which we have independently reviewed, includes the numerous letters sent by Appellant and referenced in his *pro se* response.

grant counsel's request to withdraw. Having determined that the issues raised on appeal are frivolous, or may not be pursued on direct appeal, we will affirm the judgment of sentence.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014