J-S62003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS DREW, | |
| Appellant | No. 1300 EDA 2013 |

Appeal from the PCRA Order entered April 12, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-1302450-2006

BEFORE: ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED OCTOBER 06, 2014**

Thomas Drew ("Appellant") appeals from the order denying, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows:

> On November 8, 2005, using a confidential informant (CI), police conducted a controlled buy of heroin at Appellant's property at 743 N. 63rd St. in Philadelphia. Immediately after the controlled buy, Appellant was arrested outside his residence while in possession of the pre-recorded buy money. Using Appellant's keys to the property, the police then executed an anticipatory search warrant on the premises. The warrant indicated that the place to be searched was the second floor of the premises. Police did not find contraband on the second floor. They did, however, unlock a door on the second floor using Appellant's keys. That door opened onto a stairway leading to a third-floor kitchen. Police recovered a large quantity of heroin from a bucket in this kitchen.

Appellant was charged with, *inter alia*, possession of a controlled substance with intent to deliver and [criminal] use of a communication facility. At trial, Appellant wanted to introduce testimony from the CI. The CI was apparently prepared to state that he did not buy drugs from Appellant on the day in question. Before appearing in front of the jury, however, the CI asserted his Fifth Amendment rights.

The trial court held an *in camera* hearing and concluded that: (1) the CI's assertion of his Fifth Amendment rights was valid because his testimony could expose him to prosecution; and (2) the CI's testimony was patently incredible, and actually hurtful to the defense. The court ordered that the witness could not testify.

On October 11, 2007, following a jury trial, Appellant was convicted of various drug charges. On November 21, 2007, the court imposed an aggregate prison term of 7½ to 15 years. This appeal followed.

**Commonwealth v. Drew**, 981 A.2d 916 (Pa. Super. 2009), unpublished memorandum at 1-2 (footnote omitted).

On July 31, 2009, this Court affirmed Appellant's judgment of sentence. **Drew**, **supra**. On February 12, 2010, our Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Drew**, 989 A.2d 915 (Pa. 2010).

On May 17, 2010, Appellant filed a *pro se* PCRA petition. Although Appellant had originally retained counsel to assist him, the PCRA court later appointed a succession of counsel. Upon motions, the PCRA court permitted the first two court-appointed attorneys to withdraw. Appellant's third court-appointed counsel filed a "Supplemental Consolidated Amended Petition and Memorandum of Law" on July 27, 2012. However, on October 19, 2012, counsel had to withdraw for medical reasons. Ultimately, Appellant

requested to proceed *pro se*. On January 10, 2013, following a **Grazier**[1] hearing, the PCRA court granted Appellant's request. Appellant then adopted the amended petition filed by his previous counsel.

On March 12, 2013, after reviewing Appellant's amended petition, as well as the Commonwealth's motion to dismiss, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a response on March 25, 2013. After considering Appellant's response, by order entered April 12, 2013, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed. Thereafter, the PCRA court appointed current PCRA counsel.

On September 19, 2013, Appellant filed a "Petition to Remand to the Trial Court for Preparation of Statement in Absence of Transcript." This petition involved a missing transcript from a pre-trial motion on Appellant's Rule 600 motion. By order entered October 21, 2013, this Court remanded the case, directing either the transcription of the notes at issue or the filing of a Pa.R.A.P. 1923 statement in lieu of the transcript. We further directed that once the transcript or statement was filed, that Appellant file a supplemental concise statement, and the PCRA court file a supplemental opinion, pursuant to Pa.R.A.P. 1925.

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

In response to this Court's order, the trial/PCRA court held four evidentiary hearings. At the first hearing, the parties discussed whether Appellant's presence was required. PCRA counsel informed the PCRA court that Appellant was asserting no pre-trial hearing on his Rule 600 issue had ever occurred. *See* N.T., 11/26/07, at 4-29. The trial/PCRA court stated its distinct belief that a pre-trial hearing had occurred, citing a docket entry that such hearing was held on January 26, 2007. *Id.* The trial/PCRA court could not recall, however, whether Appellant had been present for the hearing. *Id.* Also, the court reporter who had been assigned to the Rule 600 hearing had died, and the notes of testimony were not preserved. *Id.* The trial/PCRA court determined that Appellant's presence was not required for any hearing necessary to reconstruct the record. *Id.*

Subsequently, the trial/PCRA court held three hearings. At the third hearing, while not testifying under oath, Appellant's trial counsel offered his recollection of the Rule 600 hearing. According to Appellant's trial counsel, the Commonwealth did not present any witnesses, but he could not remember the averments made by the prosecutor. In addition, although Appellant's trial counsel could recall the trial court's ruling that the Commonwealth had exercised due diligence, he could not remember the basis for the court's ruling. N.T., 12/13/13, at 12-14.

At the final hearing on December 20, 2013, PCRA counsel presented the PCRA court with the requested Pa.R.A.P. 1923 statement. Thereafter, both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

> I. Did the [PCRA] court err in denying [Appellant] an evidentiary hearing?
>
> [II.] Was appellate defense counsel on appeal from the judgment of sentence ineffective for not raising and briefing the issue of trial court error in not dismissing the charges for lack of speedy/prompt trial under Rule 600?
>
> [III.] Did [the PCRA] court err in not allowing [Appellant] to be present at the four hearings that were used to create a statement in absence of transcript?

Appellant's Brief at 2.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Reaves*, 923 A.2d 1119, 1124 (Pa. 2007). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008), *citing Commonwealth v. McClellan*, 887 A.2d 291, 298 (Pa. Super. 2005). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Walls*, 993 A.2d 289, 295

(Pa. Super. 2010) (citation omitted). "An evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness." *Commonwealth v. Jones*, 811 A.2d 994, 1003 n.8 (Pa. 2002). When a petition is "insufficient to state a claim for post-conviction relief," the PCRA petitioner is not entitled to an evidentiary hearing. *Commonwealth v. Clark*, 961 A.2d 80, 94 (Pa. 2008).

Because Appellant's claims challenge the stewardship of prior counsel, we apply the following principles. Counsel is presumed to be effective, and Appellant has the burden of proving otherwise. *Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa. Super. 2004).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. *Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312, 319-20 (2001).

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005). In assessing a claim of ineffectiveness, when it is clear that an appellant has failed to meet the prejudice prong, the court may dispose of the claim on

- 6 -

that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

We address Appellant's first two issues together, where Appellant claims that the PCRA court erred in denying him an evidentiary on his layered claim of ineffectiveness for failing to raise/preserve a claim that trial counsel was ineffective for not challenging the trial court's denial of his pre-trial motion for dismissal of the charges pursuant to Pa.R.Crim.P. 600. Appellant asserts that his right to appeal this issue should be reinstated *nunc pro tunc*. According to Appellant:

> [T]he trial court made its ruling denying the motion to dismiss the charges in the erroneous belief that a second complaint had been filed against [Appellant], when no second complaint was ever filed and because of the prosecutor's assurance that the Commonwealth would be ready for trial in the future, which is not the correct standard to use in determining if [a] defendant's right to a speedy/prompt trial had been violated.

Appellant's Brief at 7.

Rule 600(G) states in pertinent part: "after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated." "The first step in determining whether a technical violation of Rule 600 . . . has occurred is to calculate the

'mechanical run date'". ***Commonwealth v. Preston***, 904 A.2d 1, 11 (Pa. Super. 2006) (*en banc*). Here, the mechanical run date is calculated 365 days from the date the criminal complaint was filed against Appellant. ***See*** Pa.R.Crim.P. 600(A)(3). "The mechanical run date can be modified or extended by adding periods of time in which the defendant causes delay." ***Preston***, 904 A.2d at 11. "It then becomes an 'adjusted run date.'" ***Id.***

Rule 600(C)(3) excludes any delay resulting from defense requests or the unavailability of the defendant or his attorney. "Excusable delay" also affects a defendant's adjusted run date under Rule 600. Although "not expressly defined in Rule 600, [it is] the 'legal construct [that] takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.'" ***Commonwealth v. Martz***, 926 A.2d 514, 517-18 (Pa. Super. 2007) (citation omitted). Finally, even where a Rule 600 violation has occurred, a "motion to dismiss the charges should be denied if the Commonwealth exercised due diligence and the circumstances occasioning the postponement were beyond the control of the Commonwealth." ***Id.*** at 518 (citation omitted).

The PCRA court explained why an evidentiary hearing was not required in this case:

> In the case at bar, [Appellant] was arrested and charged with [drug-related charges] on November 8, 2005. After several continuance requests by the Commonwealth, the matter was discharged on July 25, 2006. On August 30, 2006, [Appellant], who was still in custody, was re-arrested by the Commonwealth for the

same charges. All of the parties agreed that if the run date commenced from the filing of the second complaint on August 30, 2006, then there was no violation of Rule 600; however, if the clock ran from the filing of the original complaint on November 8, 2005, then the trial would have been held beyond the adjusted run date under the Rule. Accordingly, it was undisputed that the merits of [Appellant's] Rule 600 turned on whether the Commonwealth exercised due diligence in prosecuting the original complaint. [**Commonwealth v. Peterson**, 19 A.3d 1131, 1136 (Pa. Super. 2010) (*en banc*), **appeal denied**, 44 A.3d 655 (Pa. 2012]. Because the trial court found that the Commonwealth had exercised such diligence, it denied [Appellant's] Rule 600 motion.

In the PCRA petition, [Appellant] repeats the argument in his Rule 600 motion that the delay in bringing him to trial "was for the most part due to the Commonwealth's failure to exercise due diligence to prosecute." However, nowhere in his PCRA Petition, [Rule] 907 Response, or [Pa.R.A.P. 1925(b) statement] does [Appellant] aver how or why the trial court's decision rejecting that argument prior to trial was incorrect. Having failed even to allege any basis for his claim that the Court's findings were incorrect or unsupported by the record, [Appellant] failed to meet his burden [of establishing] that his Rule 600 claim had arguable merit. Accordingly, [Appellant's] claim of appellate counsel ineffectiveness was properly rejected without a hearing.

PCRA Court Opinion, 7/10/13, at 6-7 (citations omitted). **See also** N.T., 12/2/13, at 12-15 (PCRA court discussing its original findings regarding the Commonwealth's due diligence in prosecuting Appellant's original complaint).

Our review of the record supports the PCRA court's conclusions. We initially note, despite indications within the record to the contrary, Appellant maintains on appeal that a second complaint was never filed. **See**, **e.g.**,

1/26/07, Petition to Dismiss Charges Pursuant to Pa.R.Crim.P. 600. In addition, our review of Appellant's amended petition supports the PCRA court's conclusion that Appellant failed to sufficiently assert and develop his claim that appellate and/or trial counsel was ineffective for failing to pursue a Rule 600 violation, thereby necessitating an evidentiary hearing. A defendant claiming he or she received the ineffective assistance of counsel must allege sufficient facts from which a court can determine counsel's effectiveness. Pa.R.Crim.P. 902(A)(12); **see also Commonwealth v. Pettus**, 424 A.2d 1332 (Pa. 1981) (stating that a defendant may not argue ineffectiveness in vacuum). Appellant broadly asserts "it is clear that [his] right to a prompt/speedy trial under the Rule was violated because the Commonwealth did not prove the delays in the case were beyond its control." Appellant's Brief at 10. However, Appellant provides little to no calculations of an adjusted run date. Even had he done so, he would not be entitled to relief; Appellant's claim ignores his re-arrest and the filing of a new complaint.

In sum, because Appellant has failed to establish that his Pa.R.Crim.P. 600 claim has arguable merit, his claim of ineffectiveness regarding appellate counsel fails. **Loner**, **supra**.

In his remaining issue, Appellant challenges the procedure used to construct his Pa.R.A.P. 1923 statement in the absence of a transcript. According to Appellant, the PCRA court erred "in not allowing [him] to be participate [sic] … in this matter in that the presence of [Appellant] would

have contributed to the fairness of the procedure because consultation between [PCRA counsel] and [Appellant] at the four hearings to reconstruct the transcript is required to reconstruct the record." Appellant's Brief at 7.

In its supplemental Pa.R.A.P. 1925(a) opinion, the PCRA court found no merit to Appellant's claim. The PCRA court explained:

> "[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome *if his presence would contribute to the fairness of the procedure*." **Commonwealth v. Hunsberger**, 58 A.3d 32, 37 (Pa. 2012) (quoting **Kentucky v. Stincer**, 482 U.S. 730, 745 (1987) (emphasis added). Here, [Appellant's] presence would not have contributed to the fairness of the procedure. [Appellant] has already repeatedly informed both counsel and the PCRA court that he had no recollection of being present for the Rule 600 hearing in question. Therefore, his presence at a series of listings whose sole purpose was the reconstruction of the record of that hearing would have in no way contributed to the fairness of the procedure.
>
> Moreover, [Appellant] was in custody in SCI Coal Township, and the Court was facing a 60-day deadline for obtaining the [Rule] 1923 statement. Under these circumstances, given the schedules of counsel and the Court, it was not feasible to secure [Appellant's] presence for the four listings during which the Rule 1923 issues were addressed.
>
> In any event, [Appellant] was not prejudiced by his failure to attend the hearings. No relief is due.

PCRA Court Opinion, 2/11/14, at 7.

Once again, our review of the record supports the trial court's conclusions, such that Appellant's third issue does not entitle him to relief.

- 11 -

We therefore affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing, and denying Appellant post-conviction relief.

Order affirmed.

Judge Ott joins the disposition.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2014