J-S31021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| COREY TAYLOR | : | |
| | : | |
| Appellant | : | No. 603 EDA 2021 |

Appeal from the PCRA Order Entered March 22, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008064-2014

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED DECEMBER 8, 2021**

Appellant, Corey Taylor, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. During the summer of 2012, Appellant was in a relationship with the mother of B.A. ["Victim"].  Victim, who was 11 years old at the time, attended a cookout at Appellant's father's house.  After the cookout, Appellant drove Victim, her siblings, and Appellant's children to his home.  After all the children had fallen asleep, Appellant awakened Victim, took her to a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

J-S31021-21

separate bedroom, and raped her. Appellant gave Victim money and threatened to kill her if she told anyone.

> On March 26, 2014, when [Victim] was 14 years old, she disclosed the abuse to Tiffanie Brown, the assistant preschool teacher at the Younger Days Daycare Center ("Younger Days") in Philadelphia, where [Victim] attended an afterschool program. On March 31, 2014, Ms. Brown and the director of Younger Days met with [Victim]'s mother to inform her of the allegations. The police were also notified at this time.
>
> [Appellant]'s first jury trial, conducted in August of 2016, ended in a mistrial when the jury was unable to reach a verdict. His second jury trial began on December 6, 2016.
>
> * * *
>
> On December 12, 2016, during jury deliberations, the jurors submitted the following question to [the trial court]: "Number 2, [Appellant's] previous convictions were mentioned. Does he have prior arrest for sex crimes? Is he [a] registered sex offender?" The parties agreed there was no mention of [Appellant]'s prior convictions at trial, although [the trial court] noted there was testimony that [Appellant] "went away." [The trial court] then asked trial counsel how she would like to respond to the jury's question. Trial counsel requested the following: "There was no mention of previous convictions at trial." In response to the jurors' question, [the trial court] instructed the jury that there was no mention of previous convictions.
>
> * * *
>
> On December 13, 2016, the jury found [Appellant] guilty of rape of a child, unlawful contact with a minor, and corruption of minors.[1]
>
> ---
> [1] 18 Pa.C.S. §§ 3121(c), 6318(a)(1), 6301(a)(1)(i), respectively.
>
> On June 23, 2017, [the trial court] sentenced [Appellant] to an aggregate term of 16 to 32 years of incarceration.[2]

- 2 -

[Appellant] timely appealed to [this Court] on July 6, 2017. On December 9, 2019, [this Court] affirmed [Appellant]'s judgment of sentence. On January 6, 2020, [Appellant] filed a petition for allowance of appeal with the Pennsylvania Supreme Court. [Appellant] discontinued his petition for allowance of appeal on February 4, 2020.

[2] [Appellant] was sentenced to two concurrent terms of 16 to 32 years of incarceration for unlawful contact with a minor and rape of a child, as well as a concurrent term of two to four years of incarceration for corruption of minors.

On April 10, 2020, [Appellant] filed a *pro se* [PCRA petition]. On July 1, 2020, court appointed counsel … entered his appearance on behalf of [Appellant] and filed an amended petition on August 30, 2020….

Acknowledging the sentence of 16 to 32 years on the unlawful contact charge exceeded the statutory maximum, [the PCRA court] conducted a resentencing hearing on March 22, 2021. [Appellant] was resentenced to a concurrent term of five to ten years of incarceration on the unlawful contact charge. [Appellant]'s aggregate sentence remained 16 to 32 years of incarceration. [The PCRA court] formally dismissed [Appellant]'s remaining PCRA claims.

That same day, [Appellant] appealed to the Superior Court. On March 30, 2021, this [c]ourt ordered [Appellant] to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Counsel filed a [Rule] 1925(b) statement on behalf of [Appellant] that same day.

(PCRA Court Opinion, filed April 29, 2021, at 2-5) (internal record citations and some footnotes omitted).

Appellant raises two issues for our review:

Did the PCRA court err in dismissing Appellant's PCRA Petition because trial counsel was ineffective for waiving

J-S31021-21

> Appellant's presence and/or not objecting to Appellant not being present at a vital juncture of his trial?
>
> Did the PCRA court err in dismissing Appellant's PCRA Petition because trial counsel was ineffective for not requesting a jury interrogatory and/or a mistrial because the jury knew of Appellant's prior criminal convictions?

(Appellant's Brief at 4).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012).

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The

- 4 -

failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

"A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Howard***, 553 Pa. 266, 274, 719 A.2d 233, 237 (1998).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show

that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

In his first issue on appeal, Appellant claims that he had a right to be present when the trial court addressed the jury's question regarding prior convictions. Appellant contends that "the U.S. Constitution, the Pennsylvania Constitution and the Pennsylvania Rules of Civil Procedure all guarantee the right of an accused to be present in the courtroom at every stage of a criminal trial." (Appellant's Brief at 10). Appellant argues that "[j]ury questions are a critical stage of a trial because they are usually few and they are important in assessing the jury's deliberations on crucial issues in formulating a verdict." (***Id.*** at 11). Appellant maintains that trial counsel waived his right to be present by failing to object without any reasonable strategic basis, and Appellant suffered prejudice as a result. Appellant concludes that trial counsel's waiver of his presence amounts to ineffective assistance, and this Court must grant relief. We disagree.

"A defendant's right to be present at his or her trial is grounded in the Confrontation Clause of the Sixth Amendment and in the Due Process Clauses of the Fifth and Fourteenth Amendments." ***Commonwealth v. Hunsberger***, 619 Pa. 53, 61-62, 58 A.3d 32, 37 (2012). In addition, "Article I, [Section] 9 of the Pennsylvania Constitution and Pennsylvania Rule of Criminal Procedure 602 guarantee the right of an accused to be present in

the courtroom at every stage of a criminal trial." (*Id.* at 63, 58 A.3d at 38) (internal citations omitted). However, this right is not absolute. *Id.*

> A defendant has a due process right to be present in his own person whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. Accordingly, the defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.

*Commonwealth v. Tharp*, 627 Pa. 673, 717, 101 A.3d 736, 762 (2014) (internal quotation marks and citations omitted).

Instantly, Appellant was not present during a conversation between the trial court and counsel regarding the appropriate response to a jury question. Appellant's trial counsel was present, however, and actively represented his interests. Contrary to Appellant's assertions, prior holdings of our Supreme Court demonstrate that these types of discussions between the trial court and counsel are not critical stages of trial. *See Tharp, supra* (holding that conference where Commonwealth and trial counsel questioned jurors about off-the-record comment they overheard was not critical stage of trial); *Commonwealth v. Proctor*, 526 Pa. 246, 585 A.2d 454 (1991) (rejecting appellant's claim that trial counsel was ineffective for failing to object when trial court questioned juror on telephone in chambers with trial counsel present, but without appellant being present). Based on this caselaw, the PCRA court found that any proffered objection to Appellant's absence during this discussion between the trial judge and counsel would have failed. Accordingly, the PCRA court concluded that Appellant's

ineffectiveness claim lacked arguable merit, and we find no error in the court's analysis. *See Conway, supra*. Because there is no arguable merit to his claim, Appellant is not entitled to relief on his first ineffectiveness claim. *See Williams, supra*.

In his second issue on appeal, Appellant claims that the jury knew of Appellant's prior convictions. Given the jury's specific mention of prior convictions, Appellant reasons that the jury clearly "knew more than could possibly have been gleaned from reference at trial that Appellant 'went away.'" (Appellant's Brief at 16). Appellant contends that trial counsel's response to the question was wholly inadequate and "a mistrial should have been requested because the questions from the jury clearly point toward independent research on the part of a juror or jurors." *Id.* Appellant argues that a request for mistrial would have been meritorious and trial counsel's failure to do so had no reasonable strategic basis. Further, Appellant asserts that "there is nothing more prejudicial than evidence of prior criminality." (*Id.* at 17). Appellant concludes that trial counsel's failure to request a mistrial amounted to ineffective assistance of counsel. We disagree.

This Court has explained:

> In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial.… Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether

misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice.

***Commonwealth v. Tucker***, 143 A.3d 955, 961 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017). This Court has previously held that a mistrial is not required when there is a "singular, passing reference to prior criminal activity" at trial. ***Commonwealth v. Parker***, 957 A.2d 311, 319 (Pa.Super. 2008). Furthermore, when past criminal behavior is referenced at trial, "the nature of the reference and whether the remark was intentionally elicited by the Commonwealth" are relevant considerations when determining whether a mistrial is warranted. ***Commonwealth v. Kerrigan***, 920 A.2d 190, 199 (Pa.Super. 2007).

Instantly, the trial court and all counsel agreed that there was no mention of prior convictions at trial other than a passing reference during testimony that Appellant "went away."[2] To resolve any misunderstandings, trial counsel requested that the court respond to the jury's question by stating that there was no evidence of prior convictions. The court promptly complied with this request. There is no evidence of record indicating that any juror conducted independent research, and Appellant's assertions to that

---

[2] Appellant's brief fails to develop his argument that trial counsel was ineffective for failing to request a jury interrogatory at this juncture. (***See*** Appellant's Brief at 16-17). Accordingly, this argument is waived. ***See In re Estate of Whitley***, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (reiterating: "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority").

effect are pure speculation.

Based on these facts, the PCRA court determined:

> Trial counsel's decision to have [the trial court] instruct the jury that there was no evidence of [Appellant]'s previous convictions presented at trial was reasonably designed to effectuate [Appellant]'s interests. Furthermore, a mistrial would not have been successful. At most, the jurors' question concerned a singular reference made in passing at trial. The Commonwealth did not intentionally elicit the testimony in question. Moreover, the reference to [Appellant]'s past criminal behavior was brief.

(PCRA Court Opinion at 9). We agree with the PCRA court that Appellant cannot succeed on his ineffectiveness claim. *See Conway, supra*; *Boyd, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2021

- 10 -