J-A10015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW SMALLWOOD | : | |
| | : | |
| Appellant | : | No. 1375 EDA 2021 |

Appeal from the PCRA Order Entered June 15, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013250-2012

BEFORE: PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 15, 2023**

Andrew Smallwood appeals, *pro se*, from the order dismissing his timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. On appeal, Smallwood asserts the PCRA court erred in denying his petition based on several claims of ineffective assistance of counsel. After careful review, we affirm.

Smallwood was convicted of the first-degree murder of Rasul Gresham and possession of an instrument of a crime in 2015 and sentenced to life in prison without the possibility of parole. Following his direct appeal, Smallwood filed the instant timely first PCRA petition in 2018. After several amendments, the PCRA court ultimately dismissed the petition as meritless. Smallwood filed this timely appeal and subsequently requested to proceed *pro se*. The PCRA

_____

[*] Former Justice specially assigned to the Superior Court.

court held a **_Grazier_**[1] hearing and granted Smallwood's request to proceed _pro se_ on appeal.

Smallwood claims both trial and PCRA counsel were ineffective in various instances. Counsel is presumed effective and the person claiming ineffectiveness must prove otherwise. **_See Commonwealth v. Koehler_**, 36 A.3d 121, 178 (Pa. 2012). To succeed on a claim of ineffective assistance of counsel, a petitioner must plead and prove three things: "(1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **_Commonwealth v. Stultz_**, 114 A.3d 865, 880 (Pa. Super. 2015) (citation omitted). If the petitioner fails to meet any one of these prongs, their claim fails. **_See id_**.

First, Smallwood claims that trial counsel was ineffective for failing to object to the closure of the courtroom during testimony from a Commonwealth witness. **_See_** Appellant's Brief at 23. Smallwood cites the long history of public trials in this country and argues that the removal of the public for the testimony of one witness violated his constitutional right to a public trial and trial counsel was ineffective for failing to object to the violation. **_See id_**. at 23-9.

_____

[1] **_Commonwealth v. Grazier_**, 713 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry to determine whether criminal defendant's waiver of counsel is knowing, intelligent, and voluntary).

The witness in question was the girlfriend of the Gresham. **See** N.T., 2/5/15, at 96. Prior to her testimony, the district attorney moved to clear the spectators from the courtroom and have the sheriff bring her to and from the courtroom through the back elevators. **See id**. at 79. The district attorney claimed that the witness expressed fear for her safety in preparation for trial. **See id**. at 78. Smallwood's counsel had no objection to the request, and it was granted. **See id**. at 79-80.

The Sixth Amendment right to a public trial serves to benefit the accused but it is not absolute. **See Commonwealth v. Jordan**, 212 A.3d 91, 101 (Pa. Super. 2019). Courtrooms can be closed in situations to keep certain evidence confidential or to preserve order and safety. **See id**. In the case of the latter, trial courts have the responsibility to maintain control and security in their courtroom and may place reasonable restrictions on its access, while preserving fairness. **See id**. at 102. A Judge may close a courtroom if the following circumstances exist: "(1) there is an overriding interest that is likely to be prejudiced, (2) the closure is no broader than necessary to protect that interest, (3) the trial court considers reasonable alternatives to closure, and (4) the trial court makes findings adequate to support the closure." **Id**. at 101 (citations and internal quotation marks omitted). "[It] is the responsibility of the [trial] court to maintain not only the control but also the security of the courtroom[.]" **Id**. at 102.

In reviewing an order to close a courtroom, we accept the trial court's factual findings if they are supported by the record. *See id*. at 102-103. In all other respects, we review the order for an abuse of discretion. *See id*. at 103.

The trial court based its decision to grant the motion on the concern for the safety of the witness, which was based on the fact that nature of the crime was rooted in witness intimidation. *See* N.T., 2/5/15, at 80. Specifically, the court found that

> the Commonwealth's theory in this case [is] that [Gresham] was killed in retaliation for testimony by his friend against [Smallwood] and then his friend was subsequently killed by allegedly [Smallwood.] That is another trial coming up that we haven't heard yet. Because of the pattern of witness – it is more than intimidation. It is kind of doing away with the witnesses in this particular case, I will allow it for this witness.

*See id*. at 79-80. The trial court further reasoned that by only closing the courtroom for one witness, who testified briefly following a lunch break, the impact on the openness of the six-day trial was small. *See* Trial Court Opinion, 1/31/22, at 11.

We conclude the trial court's findings are supported by the record and therefore are binding upon us. Further, we conclude the trial court's reasoning did not represent an abuse of discretion. As such, Smallwood's claim that counsel was ineffective by not objecting fails because the underlying issue lacks any arguable merit and counsel cannot be ineffective for failing to raise meritless claims. *See Commonwealth v. Natividad*, 938 A.2d 310, 333 (Pa. 2007).

Smallwood continues this argument to include PCRA counsel's ineffectiveness for failing to argue this issue to Smallwood's satisfaction. **See** Appellant's Brief at 31-3. As a postconviction petitioner Smallwood is entitled to effective representation and may raise claims of ineffectiveness in postconviction representation on appeal. **See Commonwealth v. Bradley,** 261 A.3d 381, 391-2 (Pa. 2021). PCRA counsel did in fact raise the issue of trial counsel's ineffectiveness for failure to object to the clearing of the courtroom in his amended petition. **See** Supplemental Amended Petition, 1/19/21, at ¶¶ 9-19. Smallwood argues that because the PCRA court did not grant an evidentiary hearing on the issue, counsel raised it ineffectively. **See** Appellant's Brief at 32. Smallwood has no legal basis for this argument other than bald claims of hypothetical additional case law PCRA counsel could have cited in his argument. **See id**. This issue is meritless as PCRA counsel did raise the claim and presented it in a comprehensive manner, citing legal authority which closely mirrors Smallwood's own framing of the argument on appeal. In any event, as noted above, trial counsel was not ineffective in this respect, and therefore Smallwood would have suffered no prejudice even if PCRA counsel had failed to properly raise the issue before the PCRA court.

Next, Smallwood argues trial counsel was ineffective for not objecting to the admission of Malik Martin's out-of-court statements. **See** Appellant's Brief at 34. Smallwood claims that the statements were inadmissible hearsay that violated his right to confrontation, and they did not fall under the forfeiture by wrongdoing exception to hearsay. **See id**. at 34-7.

Martin was a friend of Gresham who made statements to the police after Gresham was killed. *See* N.T. 2/5/15, at 164. Most relevantly, Martin told police detectives that he and Gresham had been "having problems with" Smallwood and another man. *See id*. at 165. He indicated that he was reluctant to have his statements recorded because he feared Smallwood and the other man. *See id*. at 164. Martin was later shot to death and Smallwood pled guilty to that murder after his conviction in this case. *See Commonwealth v. Smallwood*, 598 EDA 2019 (Pa. Super. filed April 28, 2020) (unpublished memorandum).

First, we must note that Smallwood has misconstrued the Commonwealth's statements regarding the nature of the killing. Smallwood argues the opening statement claimed his killing of Martin was out of revenge, but a review of the record clarifies that the phrase in the opening statement referred to the decedent, Gresham. *See* N.T., 2/3/15, at 47-52. The Commonwealth alleged that the reason Smallwood killed Gresham, Martin's friend, was to get revenge on Martin for testifying against him in a prior case. *See id.* There was a lengthy argument regarding the admissibility of Martin's statements in which counsel objected to their admissibility as hearsay and specifically under the confrontation clause. *See id*. at 16. The court allowed some statements in for a narrow purpose and stated that because Smallwood allegedly was the reason that Martin was unavailable to testify, the statements are admissible under the forfeiture by wrongdoing doctrine. *See id.* at 27.

While counsel did object to the admission of the testimony generally as hearsay and specifically under the confrontation clause, we will address his failure to object to the use of the forfeiture by wrongdoing exception. Pa.R.E. 804(b)(6) provides an exception to the rule against hearsay when the statement is "offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result". This exception to hearsay ensures that when the accused intentionally makes a witness unavailable to testify, he may not succeed on a claim that his confrontation right has been violated. ***See Commonwealth v. King***, 959 A.2d 405, 416 (Pa. Super. 2008). In order to find evidence admissible under this exception, the Commonwealth must show that the accused was involved in making the declarant unavailable and did so with the intent of removing him as a possible witness. ***See id***. at 414. Following argument, the trial court determined that Smallwood procured Martin's unavailability. ***See*** N.T., 2/3/15, at 27. This evidence was properly admitted under the exception and the lack of a specific objection does not render counsel ineffective as counsel cannot be found ineffective for failing to make a meritless objection. ***See Natividad***, 938 A.2d 310, 333 (Pa. 2007).

Further, Smallwood has failed to show prejudice from the admission of Martin's statements. Gresham's girlfriend testified from personal knowledge that Gresham and Martin were having problems with Smallwood around the time of Gresham's death. ***See*** N.T., 2/5/15 at 103-4. As such, this information would have been before the jury in any event.

Smallwood continues this argument to claim PCRA counsel was ineffective due to his failure to articulate the basic principles of the forfeiture by wrongdoing exception, thereby depriving Smallwood of relief. **See** Appellant's Brief at 41. As we have found that the underlying claim lacks merit due to a lack of merit and further that Smallwood was not unfairly prejudiced in any event, this layered ineffectiveness claim also lacks merit. Counsel cannot be found ineffective for failing to raise meritless issues. **See Natividad**, 938 A.2d 310, 333 (Pa. 2007).

Smallwood's next claim is that trial counsel was ineffective for failing to request a cautionary jury instruction regarding photographs admitted during trial. **See** Appellant's Brief at 43. Several crime scene photographs were admitted during the testimony of a crime scene officer. **See** N.T. 2/4/15 at 71-100. Those photographs were referenced during the Commonwealth's closing argument and Smallwood argues that while the admissibility of the photographs is not in question, trial counsel should have requested a cautionary instruction to prevent the jury from being prejudiced by the photographs. **See** Appellant's Brief at 44.

Smallwood has failed to prove that he was prejudiced by the admission of these crime scene photographs. In order to prove prejudice, Smallwood must show that if counsel had requested the cautionary instruction, there was a reasonable probability that result of the trial would have been different. **See Commonwealth v. Spotz**, 84 A.3d 294, 312 (Pa. 2014). Smallwood simply opines that the jury was not informed of the appropriate use of the

photographs in its deliberations and therefore, "may have been more inclined to convict Smallwood of first degree murder." *See* Appellant's Brief at 47-48.

The photographs in question depict different views of the street where Gresham was shot and the locations where fired cartridge casings and personal items were found. *See* N.T., 2/4/15, at 71-100. There was a myriad of other testimony establishing that Smallwood committed the crime, including eyewitness testimony indicating that Smallwood shot Gresham. *See* N.T., 2/3/15, 230-1. Further, the crime scene officer testified without the use of the photographs regarding the scene and ballistics. *See* N.T., 2/4/15, at 69-71, 76-80, 82-5. There was expert firearms testimony describing the ballistics evidence shown in the photographs. *See id*. at 135-55. Smallwood has failed to prove the outcome of the trial would have been different had counsel requested a cautionary instruction and, as such, this claim fails.

Smallwood next argues that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failure to object to a statement made by the Commonwealth during closing argument. *See* Appellant's Brief at 51. The statement Smallwood refers to is the Commonwealth's assertion that Smallwood's DNA was on the 9-millimeter firearm recovered after Martin was shot. *See* Appellant's Brief at 52. Smallwood asserts that his DNA was not found on the 9-millimeter firearm.

The Commonwealth concedes there was an error in this statement. *See* Appellee's Brief at 19. There were two firearms used in Martin's shooting. *See id*. At trial, counsel stipulated that the .357 revolver used in Martin's shooting

contained Smallwood's DNA. **See** N.T., 2/9/15, at 29-30. The 9-millimeter pistol was linked to Smallwood's co-defendant in the Martin shooting. **See id**. at 31-2. Trial counsel did not object to the closing argument and Smallwood now argues trial counsel was ineffective for that failure.

Smallwood has failed to show prejudice resulting from trial counsel's failure to object. The misstatement in question relates to the murder of Martin, not Gresham. The jury heard evidence relating to the murder of Martin only for the purpose to show motive in the instant case. Smallwood fails to prove that by mixing up the two guns, he was prejudiced. The alternative to such a mix up is that the prosecutor displayed the correct gun, which was stipulated to contain Smallwood's DNA and used to kill Martin. Either way, Smallwood is connected to the murder of Martin, information the jury weighed in determining the outcome of this case. Smallwood has not shown that trial counsel's inaction caused the outcome of the trial to be different. As such, we cannot conclude the PCRA court erred, as counsel cannot be ineffective for failing to raise meritless claims. **See Natividad**, 938 A.2d 310, 333 (Pa. 2007).

Next, Smallwood argues that trial counsel was ineffective for failing to request a mistrial when Smallwood was not present during *voir dire*. **See** Appellant's Brief at 57. Smallwood's claim is based on an incident that occurred as jurors were returning from a lunch break during trial. A member of the court's staff informed the court that a juror had revealed the incident to him upon returning to the courthouse. While it is not explicit from the

- 10 -

transcript, the PCRA court, who also sat as trial judge, notes that "[a]s a result of this incident, all of the jurors were questioned by the court with the attorneys present in chambers. [Smallwood's counsel] … did not request the presence of his client." PCRA Court Opinion, 10/26/21 at 16.

Juror number four reported to the court that she observed two men glaring at juror number nine as they were leaving the Reading Terminal Market. *See* N.T., 2/9/15, at 88. She recognized one of the men as someone who had been in the audience during the trial. *See id*. at 86. She informed juror number nine and noted that duration of the men's attention made her feel uncomfortable. *See id*. at 89.

Juror number nine testified that juror number four alerted her to the men staring at her. *See id*. at 93. She recognized the two men as part of the audience during the trial. *See id*. She felt uncomfortable serving on the jury after the encounter. *See id*. at 96.

The remainder of the jury was then polled regarding their knowledge of the interaction. *See id*. at 98-120. The trial court decided to excuse juror number nine and seat juror number thirteen. *See id*. at 120. Smallwood's counsel raised no objection.

Smallwood argues that he should have been present for the *voir dire* and that juror number nine was improperly removed and counsel failed to request a mistrial to rectify these errors. *See* Appellant's Brief at 59-60.

The decision to remove a juror at any point of the proceeding lies within the discretion of the trial court. *See Commonwealth v. Marrero*, 217 A.3d

888, 890 (Pa. Super. 2019). When the trial court is faced with facts that convince them of the juror's inability to perform their role, they may remove and replace the juror. **See id**. Here, the trial court was faced with a situation where the juror in question was uncomfortable and felt unable to perform her role as juror any longer. Reading a cold record, we cannot conclude that the trial court erred in removing juror number nine under these circumstances. Trial counsel's request for a mistrial based on the removal would lack any arguable merit and counsel cannot be ineffective for raising a meritless issue. **See Natividad**, 938 A.2d 310, 333 (Pa. 2007).

Turning to the issue of Smallwood's presence during the *voir dire*, there is no arguable merit to the underlying claim. While Smallwood had a clear right to participate in proceeding that impacted the composition of the jury, the right was not compromised where his counsel participated and the court was required to accommodate competing concerns such as the safety and protection of the jury. **See Commonwealth v. Hunsberger**, 58 A.3d 32, 40 (Pa. 2012). Here, at a trial with a running theme of violence against witnesses, the court needed to present a safe space for jurors to be candid about a possible incident of juror intimidation. Smallwood's counsel was present and able to communicate to Smallwood anything of relevance from the *in camera* hearing.

On appeal, Smallwood simply claims that if he was present, he may have been able to provide information regarding the men who made juror number nine feel uncomfortable. **See** Appellant's Brief at 59. We, like the

PCRA court, are unconvinced that Smallwood's presence would have benefitted in any way or changed the outcome. As trial counsel could not be ineffective for failing to raise a meritless motion, the PCRA court did not err in concluding trial was not ineffective. **See Natividad**, 938 A.2d 310, 333 (Pa. 2007).

Smallwood further argues that PCRA counsel was ineffective for failing to argue this issue. **See** Appellant's Brief at 57. The record reflects that PCRA counsel did raise this issue, therefore Smallwood's claim lacks merit. **See** Supplemental Amended Petition, 2/10/21, at ¶¶ 8-18.

In Smallwood's final issue he argues that trial counsel was ineffective in failing to object to the trial court's instruction on reasonable doubt which deprived him of due process. **See** Appellant's Brief at 65. Smallwood argues that the trial court provided a hypothetical that amounted to a deficient instruction on reasonable doubt, creating a structural error in the trial and violating his right to due process. **See id**. at 65-6. The trial court recited the standard jury instruction on reasonable doubt and then provided an example. **See** N.T., 2/10/15, at 5-8; Pennsylvania Suggested Standard Criminal Jury Instructions, § 7.01. The example provided was:

> What I tell people, ladies and gentlemen, is this, if a reasonable, sensible person were making a really important life decision, certainly not an everyday decision like what to eat or what to wear, that is of no importance, but a really important decision that could change that person's life, the kind of decision that a person is really going to think hard about before they make it like whether to have a very serious surgery. If that person gathers the information to help them to make this decision, then deliberates

upon it, considers all the various aspects, the pros, the cons, good points, bad points and after that process, that person pauses, hesitates cannot go forward in acting, that is what we call a reasonable doubt.

N.T. 2/10/15 at 8-9.

Smallwood argues that the instruction allowed the jury to convict based on a "degree of proof below" reasonable doubt. Appellant's Brief at 67. Smallwood relies on ***Brooks v. Gilmore***, 2017 WL 3475475 (E.D. Pa. 2017), for his assertion that this instruction allowed the jury to utilize a relaxed standard of proof. ***See id***.

In ***Brooks***, the trial court did not read the full standard jury instruction but only a one-sentence excerpt from it before launching into a hypothetical wherein it asked the jury to imagine someone "precious" to them was suffering a "life-threatening" condition. ***See*** 2017 WL 3475475 at *3. The ***Brooks*** court found this instruction to reasonably induce the jury to apply a standard lower than reasonable doubt particularly due to its placing the jury in a proactive, decision-making role to save the life of a loved one. ***See id***. at 4-5. We note, however, that ***Brooks*** is not binding precedent on this Court. ***See In re Stevenson***, 40 A.3d 1212, 1216 (Pa. 2012).

More importantly, our Supreme Court analyzed a similar reasonable doubt instruction in ***Commonwealth v. Drummond***. ***See*** 285 A.3d 625 (Pa. 2022). The trial court in ***Drummond*** issued a very similar instruction to the "precious one" instruction in ***Brooks***, calling upon the jury to imagine their spouse, sibling or grandchild was facing a life-threatening condition. ***See id***. at 636. The Supreme Court concluded that the use of the hypothetical "would

encourage the jury to resolve doubts, rather than assess the reasonableness of the doubts and acquit if necessary." *Id*. at 644-645 (internal quotation marks omitted).

While the instruction used in *Drummond* differs from the one used here, the overriding concern identified in *Drummond* applies with similar, if not equal force. However, we need not reach the issue of whether the instruction was erroneous, as we are not directly reviewing the propriety of the instruction. Here, as in *Drummond*, we are faced with the question of whether trial counsel was ineffective for failing to object to the instruction. The Supreme Court in *Drummond* noted that no previous Pennsylvania court had ever "invalidated jury instructions that used the hypotheticals which we disapprove of today." *Id*. at 646. As such, trial counsel

> was under no reasonable obligation to raise a challenge to the instruction, as any such objection would have lacked a then-existing legal foundation. Counsel was not required to anticipate, nor could he have foreseen, that this Court would find the instruction to be constitutionally defective over a decade later.

*Id*.

Here, Smallwood's trial was in 2015, five years later than the trial in *Drummond*. However, Smallwood provides no reason why trial counsel should have anticipated the outcome in *Drummond* seven years later. Even the decision in *Brooks* was over two years after the instruction in this case. We therefore conclude that counsel had no duty to raise an objection that had no legal foundation in 2015. The PCRA court did not err in concluding that

Smallwood did not establish trial counsel was ineffective under these circumstances.

Finally, Smallwood has one outstanding Application for Relief before this Court in which he has requested a correction to the docket which notes that his reply brief was filed late. **See** Application for Relief, 4/3/23, ¶ 1. Smallwood attached his cash slip indicating the date he placed the reply brief in the mail at the prison. **See id**. at ¶ 5. Smallwood's reply brief is deemed filed the day he delivered it to prison officials pursuant to the prisoner mailbox rule. **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019). Smallwood's reply brief is deemed filed on March 9, 2023, the date on which his extension of time to file expired, and was timely filed. **See** Order, 2/24/23. After review, however, none of the arguments raised in the reply brief alter our analysis of the issues on appeal.

Application for Relief granted. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023